Lipscomb, J.
This was a suit brought against an administrator on a note,
in substauce as follows :
“Montgomery, December 12,1848.
“I promise to pay John F. McGuffm, or order, two hundred and seventy-“five dollars. Value received.
(“Signed,)
J. C. Ballew.”
Plea non cslfacium, and payment. The evidence in support of these defenses •was circumstantial, and tended, some of it, to sustain the plea of non est factum, and some of it to prove that if the note was a genuine one it had been paid. Of Hie latter, was the evidence of one witness, whose credibility was not impeached, that some three months before Ballew’s death lie heard Ballew say to MeGuffin, if he did not pay him he would sue him. MeGuffin made no reply. “Witness said lie had known Ballew to win money from MeGuffin, and McGnffiti to win money from Ballew; and he did not know what debt Ballew referred lo. This was certainly cire.iunstantial evidence that the note had been paid; and it acquires additional weight, perhaps, when coupled with the fact that the nolo sued was dated so long before, this conversation took place. The petition alleges that Ballew died oil the 21st day of October, 1831. This indirect admission that he was indebted to the intestate considerably more than two years from the lime the note purports to he due, is certainly strong circumstantial evidence that it had heed paid. It will be seen by a bill of exceptions “That the court told the jury that there had been no evidence introduced to “prove payment under the plea of payment; when the defendant’s counsel •‘‘requested the eonrt to charge the jury as follows: the court cannot undertake “to say whether there was proof of payment.; that is entirely within the “province of the jury; which was refused ; but in lieu thereof the court charged “tlie jury that if Hiere was any evidence of payment introduced to them they “must, lind accordingly.”
The charge in the abstract may he right; but taken in connection with the expression of the opinion that there was no evidence of payment, and in reference to the circumstantial evidence before commented on, it was not leaving the jury to determine upon the facts without being influenced by the opinion of the judge upon those facts. It, is not likely after such an opinion from the judge that there was no evidence of payment that they would feel themselves authorized to give any consideration to the. circumstantial evidence offered in the case. After such evidence had gone to the jury they should have been informed that it. was only a circumstance to prove that the note had been paid, and they must determine how far it, established in their minds the fact of payment. And in cases of the like character to this, from necessity, more indulgence is extended to the representative of a deceased person in making proof than would be allowed to the person himself if he were living. This *252 necessity and exception were acknowledged by ns in the case of Erosh et al. v. Swett, Adm’r of Conroy. (2 Tex. R., 485.)
The defendant in the court below moved for a new trial upon the grounds, among others, of newly-discovered evidence since the trial; and supported his motion by his own affidavit and the affidavits of the two persons by whom he could prove the additional facts. The motion was overruled; which overruling is assigned for error. On a reference to the facts sworn to by those persons, it would seem to prove enough to have fully warranted a verdict for the defendant, if such evidence was not impeached or counteracted by other testimony. Michael Baker swears that a day or two after the death of Ballew, this affiant was in conversation with McGuffin, in relation to the condition of the estate of the said Ballew. Affiant inquired of McGuffin what he thought Ballew owed. He replied that he did not think he, Ballew, owed one hundred dollars in the world. T. W. Smith swore that some two weeks before the death of Ballew, he heard a conversation between Ballew and McGuffin, in which Ballew told him, McGuffin, if he, McGuffin, did not paiy him some money, he, Ballew, would sue him. McGuffin replied he would pay him as soon as he could get it, &c., and spoke of some one from whom he expected to get it. Ballew then left, and affiant or some other person asked McGuffin how much he owed Ballew, or words to that effect. McGuffin replied, as well as affiant could remember, that it was about forty dollars. Comment is not necessary to show tho importance of this newly-discovered evidence ; and it is difficult to conceive of a motion for a new trial being supported on as strong and satisfactory grounds.
We believe the court erred in the charge as given to the jury, and also erred in refusing to grant a new trial. The judgment is therefore reversed and the cause remanded.
Reversed and remanded.