## GOLDEN VS. PATTERSON, ET AL.
### SUPREME COURT, APRIL 11, 1882.

"Charge of Court"—"Wrongful Assumption of Fact,"—Land certificate issued to Joseph S. Guest, the transfer of which was made by J. J. Grant. HELD, to be error for court to assume in charge that it was proven as a question of fact that the signature, J. J. Guest, was that of the original grantee, Joseph S. Guest, without the initials being the same, or other evidence of identity.   Appeal from Grayson county. Woods, Wilkins & Cunningham, for appellant.   C. N. Buckler, for appellee.

Opinion by Bonner, J.:

This is an action of trespass to try title for part of a survey of land located and patented by virtue of the Joseph S. Guest headright certificate, brought by appellees, T. G. Patterson, et al., plaintiffs, against appellant E. Golden, defendant.   The statement of facts shows that plaintiffs purported to deraign title, under said Joseph S. Guest, by written transfer, endorsed on the other certificate, which transfer was executed under the name of J. J. Guest to Joseph N. Gorden, and under subsequent mesne conveyance and descent down to themselves.   This transfer on the certificate seems not to have been neglected in the General Land Office, as the patent subsequently issued in the name of the original grantee of the certificate, Joseph S. Guest.   The statement of facts does not show that there was any testimony to identify the name J. J. Guest with Joseph S. Guest, to whom the certificate issued. The defendant plead not guilty.   On the trial below the court instructed the jury in clause first of the charge as follows:

"1. The transfer of Guest to Gordon of the land certificate offered you in evidence, and the deed from Joseph N. Gordon to Alonzo Larkin, and from Larkin to Earhart, and from Earhart to Benjamin Patterson, and the patent to Guest, and if you believe that the plaintiffs are the heirs-at-law of said Benjamin Patterson, will entitle the plaintiffs to recover the land in controversy, provided said land is included in the field notes in said patent."   There was a verdict and judgment for the plaintiffs.

The above charge of the court is assigned as error, and it is replied that this assignment is not sufficiently specific. We are of opinion that it is sufficiently specific and also that it is well taken.

The court assumed in the charge that it was proven as a question of fact that the signature, J. J. Guest, was that of the original grantee, Joseph S. Guest, without the initials even being the same, or other evidence of identity.   This was not simply a charge upon the legal effect of undisputed documentary testimony, but the assumptions of a material question of fact which it was the exclusive right in the jury to decide. R. S., Art. 1317.   For this error in the charge, the judgment is reversed and the cause remanded.