EAST TEXAS FIRE INSURANCE COMPANY V. GEORGE G. BROWN.

No. 3030.

1. **Charge Erroneous in Assuming a Disputed Fact.** — The evidence being conflicting whether Kimball was agent of the insurance company, it was error in the charge in assuming his agency and charging that the company was chargeable with knowledge communicated to him.

2. **Pleadings—Waiver.**—The pleadings of the plaintiff suing upon a fire insurance policy and not pleading a waiver of matters and conditions contained in the face of the policy can not avail himself of such waiver. In absence of pleadings setting up the waiver it was error in the court to submit it as a defense.

3. **Insurance Broker—Agent.**—A distinction seems to obtain between an insurance agent and an insurance broker, the latter being "one who procures insurance and negotiates between insurers and insured." The broker is regarded as the agent of the insurer as to the premium, but for nothing else. "He is the agent of the insured in effecting the policy, and in everything that has to be done in consequence of it." Knowledge of the broker as to any matter connected with the effecting of the insurance is not to be imputed to the insurance company.

4. **Leased Premises.** — The policy in express terms provided that it should become void if the building stood on leased land. There being testimony to such lease of the land, *held*, the stipulation is a warranty by the assured and can not be ignored. It was error to withdraw the issue from the jury, there being testimony raising it.

5. **Adjusters — Waiver.** — The plaintiff alleged waiver of filing proof of loss. There was testimony that proofs of loss were furnished an adjuster representing the insurance company immediately after the fire, and that the adjuster absolutely refused to pay, and notified the insured that he would have to collect through the courts. Under this testimony the adjuster would be deemed the representative of the company, and a refusal to pay by him a refusal by the company. Such a refusal would constitute a waiver of proof of loss.

6. **Interest on Insurance Policy.**—In the policy it was payable "sixty days after the execution and delivery of full proof of loss at the office of the company in Tyler." If a waiver of such proof be shown, the time of payment would be sixty days from the date of the waiver, and interest should be given from the maturity of the cause of action.

APPEAL from Smith. Tried below before Hon. FELIX J. MCCORD.

The opinion states the case.

*Whitaker & Bonner*, for appellant.—1. It is error to charge the jury upon the weight of evidence, or upon an issue not made by the pleadings in the case. Railway v. Rider, 62 Texas, 267; Loving v. Dixon, 56 Texas, 75.

2. It is error to charge the jury upon an issue not made by the evidence in the case. Altgelt v. Brister, 57 Texas, 432; Cook v. Dennis, 61 Texas, 246.

3. In law both Kimball and Littlefield were the agents of Sage in all matters appertaining to procuring the insurance, and any concealment by them of material facts relating to the risk is a concealment by the assured, and Kimball being his agent, the verbal representations made to him were not binding upon defendant company. Ins. Co. v. Blum, 76 Texas, 653; 2 Am. and Eng. Encyc. of Law, 595–597; May on Ins., sec. 123; Ewell's Evans' Ag., sec. 5.

4. The charge instructs the jury that the facts set forth therein would constitute a waiver on the part of defendant; when to constitute such waiver it should have been made to appear that the company or its agent, having knowledge of the facts, so acted as to induce the assured to believe that it would not rely upon such conditions. Wood on Fire Ins., 2 ed., sec. 526; May on Ins., secs. 506, 507.

5. The assured having accepted said policy with conditions contained therein [see opinion], he is bound thereby, and the fact that the company did not inquire as to whether the property was incumbered or the building stood on leased ground would not constitute a waiver of said conditions. May on Ins., sec. 156; Wood on Fire Ins., secs. 218, 345, p. 721.

*John M. Duncan*, for appellee.— 1. The defendant's allegations of breach of conditions concerning incumbrances and lease are met by proof of waiver without specific counter-allegations of waiver. 2 Wood on Fire Ins., pp. 824–833 (note 1), 838–841; Hamilton v. Ins. Co., 15 Mo., 59.

2. The omission of the insurance company to require answer to the questions in the application as to lease and incumbrances, and the issuance of the policy without information on these points further than was contained in the application, constituted a waiver of these conditions. 11 Am. and Eng. Encyc. of Law, p. 337, note; 1 Wood on Fire Ins., 2 ed., pp. 404, 405, and notes, and pp. 408–410, sec. 176; Commonwealth v. Ins. Co., 112 Mass., 136.

3. The buildings did not stand on leased ground within the meaning of clause 4 of the condition in the policy. The mill stood upon the right of way of the Vandalia Railway. Brown, who owned the land, deeded the ground (upon which the mill was afterwards erected) to the railway company for right of way purposes. The fee remained in him. He afterward leased or had reconveyance from the railway company

for a long term, without consideration, sufficient of the right of way for the erection of the mill. He then deeded, reserving a lien, the mill and land to Sage. De Wolf v. Ins. Co., 16 Hun, 116; Strong v. Ins. Co., 10 Pick., 40; Ins. Co. v. Brolasky, 35 Pa. St., 282; Hough v. Ins. Co., 29 Conn., 10; Boetcher v. Ins. Co., 47 Iowa, 253; Ins. Co. v. Meekes (Pa.), 12 Atl. Rep., 314; Combs v. Ins. Co., 43 Mo., 153.

4. The company, by adjusting the loss through an agent on the ground, by an absolute refusal to pay shortly afterward, and by failing to object to the proofs when furnished, on the ground of their being unreasonably delayed, waived the furnishing same within a reasonable time or at all. 2 Wood on Fire Ins., p. 629, note; Id., 930, note; Id., 957, note; Id., 968, note; Id., 969, 971, 972, 979–982; 11 Am. and Eng. Encyc. of Law, p. 341, and note.

TARLTON, JUDGE, *Section B.*—The following statement from appellant's brief will sufficiently indicate the nature of this action:

"This suit was filed by plaintiff Brown to recover of the defendant, the East Texas Fire Insurance Company, the value of a certain insurance policy issued to one T. B. Sage on a frame flour mill and machinery, situated in Brownstown, Ill. The defendant pleaded:

"1. General denial.

"2. That proofs of loss as required by the policy were not furnished within a reasonable time.

"3. That the property was incumbered.

"4. That the property insured was situate on leased ground.

"In response to defendant's pleas, plaintiff in a supplemental petition alleges:

"1. That the policy was procured through one Benjamin Kimball, of St. Louis, who they allege was defendant's agent, by one J. R. Timberman, who was acting as the agent of Sage, the assured; that Timberman made no written application, but that at the time he applied for the insurance he informed Kimball of the incumbrance and the lease; that Kimball did not ask for nor require a written application; that the assured did not know of the terms or conditions of the policy until the same was delivered to him by Kimball; that he paid Kimball the amount of the premium at the time he made the application, and no more; and that defendant paid to Kimball his compensation as agent for placing the insurance.

"2. That proofs of loss were made up immediately after the fire, under the directions contained in the policy and under the direction and supervision of adjusters representing defendant and other companies, at the place of the fire, and were furnished to the adjusters within ten days after the fire, who then and there made a full investigation concerning the fire.

"That defendant, until it filed its second amended original answer, never made any objection to the form or substance of the proofs, and never before claimed that they were not filed within a reasonable time; that at the time of the adjustment, and after full investigation, the adjusters informed Sage and plaintiff that defendant would not pay the loss, without giving any reason for such refusal; wherefore he says the company has waived the filing of proofs within a reasonable time.

"The case was tried on February 17, 1890, and resulted in a verdict and judgment for plaintiff, from which defendant prosecutes this appeal."

Appellant first assigns as error the following portion of the court's charge:

"As heretofore stated, the property being mortgaged by Sage to Brown at the time of issuing the policy would defeat the recovery on the policy, unless at the time said Sage procured the policy he or his agent Timberman expressly informed Kimball of such incumbrance. Now, if he or his agent did inform Kimball that the property was incumbered, and Kimball or his agent made an application to defendant company, said application having the questions to be answered printed upon it in regard to the property being mortgaged, and they were not answered, and the defendant company accepted such application with these questions unanswered and issued the policy, the defendant company is presumed to have waived the conditions, and is therefore liable. That is, whether Kimball was or was not an agent of defendant company, if he or his agent forwarded an application to defendant company, with questions as to incumbrances on the property unanswered, and the defendant company issued the policy without further inquiry, it will be deemed that the conditions of the policy were waived by defendant company, provided there was no effort to conceal the true facts about the condition of the property by Sage."

Among the grounds of error urged with reference to this instruction are the following: 1. The charge assumes that Kimball was the agent of the defendant company when the information referred to was given him by Timberman, and was hence a charge upon the weight of the evidence. 2. The charge with reference to a waiver by defendant of the conditions of the policy, growing out of the making of an application and the failure to answer questions therein contained in regard to an incumbrance, was without support in the pleadings of plaintiff.

The policy in this case stipulates, that "the assured by the acceptance of this policy hereby warrants * * * that there is no mortgage, trust deed, or lien upon the property insured, or any part of the same, unless it be expressly stated in the written part of this policy, or the written application for this insurance." The company alleged the existence of a mortgage upon the property insured, and relied upon this warranty to shield itself against liability on the policy. The

plaintiff, in avoidance of this plea, replied solely that the company was precluded from setting up this defense, because full information was given, before the issuance of the policy, of the existence of the mortgage, to Kimball, the agent of the company.

If Kimball was in fact the agent of the company, and had information of the existence of the mortgage, the company would be bound by such information imparted to him, acting within the real or apparent scope of his authority; and it could not subsequently so stipulate in the policy as to avoid the effect of the information.   Wood on Fire Ins., 628, 666–668; Mechem on Ag., sec. 931; Ins. Co. v. Ende, 65 Texas, 118.   The materiality of the inquiry whether Kimball was or was not the agent of the company is therefore evident.   The witness Timberman testified for the plaintiff on this subject, that "he had received a card or circular from Mr. Benjamin Kimball stating that he could place insurance with companies known as nonboard companies at lower rates than insurance could be placed with regular board companies.   Witness called at the office of Mr. Kimball, who stated to witness that he represented a number of reliable · companies, and that he could place the insurance for witness (who was acting for Sage, the assured).   Kimball's conversation led witness to believe that he was the agent of these companies.   Kimball in fact acted throughout the entire transaction as the representative and agent of the defendant company.   The contract was made with Mr. Kimball as the representative of the East Texas Fire Insurance Company.   *   *   *   All that witness knows about Kimball's representing the East Texas Fire Insurance Company is, that he told witness he represented reliable companies.   Witness does not know whether he mentioned the names of the companies, but when the policies were issued one was in the East Texas Insurance Company."   For the defendant, on the other hand, Kimball testified, that· "Sage applied to him for insurance, and that acting as a 'broker for the assured,' not representing any insurance company at that time, witness procured the policy of the East Texas Fire Insurance Company for Sage.   *   *   *   That witness acted for the assured in effecting the insurance, and before and at the time advertised himself as broker for the assured."   T. R. Bonner testified, that "Kimball was not in the employ of the company, and that he had never heard of him in connection with this transaction until after this suit was brought."   Such being the status of the testimony on the issue of agency, the court should not in its charge have assumed that Kimball was the agent of the company.   The instruction is justly subject to the criticism of appellant.   Gay v. McGuffin, 9 Texas, 501; Golden v. Patterson, 56 Texas, 628; Rev. Stats., art. 1317.

The second clause of the charge, to the effect that in the event an application with the conditions stated was forwarded to the company it became immaterial whether Kimball was or was not the agent of the

company, neither cures nor palliates the effect of the error above pointed out. This clause, in submitting to the jury the issue of waiver as arising out of an application sent to the company, was without basis in the pleadings of plaintiff, and was hence erroneous. We are not able to say that the verdict was uninfluenced by it. Loving v. Dixon, 56 Texas, 76. The supplemental petition by which plaintiff seeks to avoid the defense pleaded contains no allegation of waiver such as is submitted in this instruction. The petition is absolutely silent about the making of an application for insurance and the failure to give answers about incumbrances. The plaintiff can not avail himself of such a waiver in the absence of a special plea setting it up. Ins. Co. v. Lacroix, 45 Texas, 170; Banking Co. v. Stone, 49 Texas, 4; Banking Co. v. Hutchins, 53 Texas, 67, 68.

Appellant assigns as error the refusal of the court to grant the following requested instruction: "If you find from the evidence that Kimball and Littlefield were insurance brokers, and were acting as such at the time application for this insurance was made, and had not prior to that time been employed by defendant company, you are instructed that in all matters appertaining to the procuring of said policy they were the agents of the assured under said policy, and only the agents of the company for the purpose of delivering the policy and collecting the premium, and that notice to them of the mortgage or the fact that the property was situated on leased ground would not be notice to the company."

We have already adverted to the evidence bearing upon the attitude toward the parties of Kimball, the person referred to in the foregoing instruction. In regard to Littlefield, it appears from the testimony of T. R. Bonner that the request for insurance came through Littlefield, an insurance broker doing business in Chicago. There was evidence, therefore, tending to show that both Kimball and Littlefield were insurance brokers. A distinction seems to obtain between an insurance agent and an insurance broker, the latter being "one who procures insurance and negotiates between insurers and insured." An insurance broker is regarded as the agent for the insurer as to the premium, but for nothing else. "He is agent for the insured in effecting the policy and in everything that has to be done in consequence of it." Ins. Co. v. Blum, 76 Texas, 653; 2 Am. and Eng. Encyc. of Law, 595; Ewell's Evans' Ag., sec. 5; Mechem on Ag., sec. 931. The conclusion to be drawn, therefore, is that the knowledge of the broker as to any matter connected with the effecting of the insurance is not to be imputed to the company. Under the evidence the defendant was, as to the insurance man Kimball, entitled before the jury to the benefit of the propositions incorporated in the rejected charge. As to Littlefield, there was neither claim nor testimony that notice had been given by

the assured to him, and the charge with reference to such notice would have been improper.

Appellant assigns as error the paragraph of the court's charge which reads as follows: "As to the property being leased, the facts do not in law show such a lease as would affect the insurance policy."

The policy in express terms provides, that it shall become void if the building described therein stands on leased ground, unless consent is indorsed in writing thereon. No such indorsement was on the policy. The testimony of several witnesses tends to show that the building insured was on leased land. If it was on leased land, the stipulation that in such event the policy should be void is a warranty by the assured, and it can not be ignored. May on Ins., sec. 156. The charge of the court complained of, in disregarding an issue legitimately springing from the evidence, was therefore erroneous.

Paragraph 8 of the court's charge is as follows: "As to the proof of loss not being furnished within a reasonable time: If the proof of loss was not furnished until six months after the fire, this would defeat a recovery, unless adjusters for defendant company, with others, were on the ground immediately after the fire and adjusted the loss, and then informed plaintiff that he would have to get his insurance at law, then he would not be called upon to furnish the proofs of loss, and you will find against the defendant company on this issue."

Appellant insists that this charge is erroneous, because there was neither pleading nor proof that adjusters for the company informed plaintiff immediately after the fire that he would have to get his insurance at law.

We think the allegations of plaintiff's supplemental petition, heretofore set out, justify the matters submitted in the charge with reference to the conduct and statement of the adjusters. Plaintiff, on account of such conduct, expressly relies upon a waiver of the filing of proofs of loss. There was testimony to the effect that proofs of loss were furnished an adjuster *representing defendant* on the ground immediately after the fire, and that the adjuster then absolutely refused to pay, and notified the insured that he would have to collect through the courts. Under this testimony the adjuster would be deemed the representative of the company, and a refusal to pay by him a refusal by the company. Such refusal would constitute a waiver of proof of loss. Ins. Co. v. Coffee, 61 Texas, 287; Ins. Co. v. Lee, 73 Texas, 641; Ins. Co. v. Mattingly, 77 Texas, 162. The charge was proper.

Appellant next complains of the following charge of the court: "You are further instructed, that if you find for plaintiff you will calculate interest at the rate of 8 per cent per annum from sixty days after loss by fire." The condition of the policy is that it shall be paid at Tyler, Texas, sixty days after the execution and delivery of full proofs of loss

at the office of the company in Tyler, Texas. The jury's verdict awarded interest, in accordance with this instruction.

The appellant objects to the charge, on the ground that it assumed that there had been a waiver of proof of loss. Under this instruction, the jury were not to calculate interest unless they found for the plaint-iff. Under the preceding paragraph 8 of the court's charge they were forbidden to find for the plaintiff unless there had been a waiver by the company of proof. They could not therefore award interest unless there had been such waiver. The charge does not, we think, assume the existence of the waiver. We also think, however, that in the event of such a waiver no cause of action under the terms of the policy would arise thereon until after the lapse of sixty days from the date of the waiver, and that interest would not begin until the accrual of a cause of action. The jury should have been accordingly instructed.

For the errors stated, the judgment should be reversed and the cause remanded.

*Reversed and remanded.*