## PHŒNIX INSURANCE COMPANY V. A. J. CENTER.

### No. 1884.

1. **Fire Insurance—Inventory of Stock.**—A provision in a fire insurance policy, that in the event of loss the assured shall furnish the company with copies of all bills and invoices, or the originals, does not include an inventory of stock made about the time of the insurance by a merchant in the ordinary course of business.

2. **Same—Waiver of Proofs of Loss.**—An insurance company demanded as part of the proofs of loss an inventory which had been destroyed in the fire, to which it was not entitled under the policy, and of the destruction of which it was advised, stating in the demand that unless it was produced only a compromise would be offered. *Held*, that it thereby waived the production to it of all other proofs of loss, and also the sixty days' stipulation of time for bringing suit.

3. **Same.**—For proofs of loss of a stock of merchandise destroyed by fire, held sufficient on the trial to warrant the judgment for plaintiff, see the opinion.

APPEAL from Shackelford. Tried below before Hon. T. H. CONNER.

*Morgan & Thompson* and *Leake, Henry & Reeves*, for appellant.—The court erred in overruling defendant's objection to the introduction of the proofs of loss by the plaintiff, on the ground that they did not contain a particular statement of plaintiff's loss, as was required by the contract of insurance. Flanders on Fire Ins., 581; Biddle on Ins., 1001; Beatty v. Ins. Co., 66 Pa. St., 9.

*J. R. Warren* and *L. W. Campbell*, for appellee, cited Ins. Co. v. Stevens, 43 Ill., 31; Ins. Co. v. Huckburger, 52 Ill., 464; McLaughlin v. Ins. Co., 23 Wend. (N. Y.), 525; Sexton v. Ins. Co., 9 Barb. (N.

Y.), 191; Norton v. Ins. Co., 7 Cow. (N. Y.), 745; Ins. Co. v. Mattingly, 77 Texas, 161; Godard v. Ins. Co., 67 Texas, 69.

HEAD, ASSOCIATE JUSTICE.—Appellee instituted this suit against appellant to recover upon a $4000 fire insurance policy, and was given judgment in the sum of $3370.29.

The policy stipulated, "To be paid to the assured or to the assured's legal representatives sixty days after due notice (of loss) and satisfactory proof of the same have been received at this office, in accordance with the terms of this policy hereinafter mentioned."

One of the clauses of the policy was as follows: "When a fire has occurred damaging the property hereby insured, the assured shall give immediate notice and render a particular account of such loss, signed and sworn to by them; if there is other insurance (whether valid or not), shall give a detailed account of same, with copies of the written portion of all policies; shall also give the actual cash value of the property, their interest therein, the interest of all other parties therein, if any, giving their names, the amount of loss or damage," etc.

The next clause was as follows: "This company may examine the books of account and vouchers of the assured, make extracts from same, and, if required, the assured shall submit to one or more examinations under oath, and sign same when reduced to writing, shall exhibit to the company or its representative all that remains of the property covered by this policy, and if desired, certified copies of all bills and invoices where originals have been destroyed; and until sixty days after the proofs, examinations, declarations, and certificates herein called for are rendered, including an award by appraisers, when an appraisal has been required, the loss shall not become payable."

Appellant first answered by general denial, and specially to the effect that there was other concurrent insurance, and that it should not be required to pay more than its proportion of the whole, not to exceed $2000. This answer was filed November 10, 1893. On November 22, 1893, it filed its first amended original answer, as follows: "Now comes the said defendant by attorney, and having with the court's leave withdrawn its original answer herein before filed by inadvertence, makes and files this its first amended original answer."

Then follows a plea in abatement, to the effect that the suit had been prematurely instituted, proofs of loss in compliance with policy not having been made sixty days prior thereto.

The first proofs of loss were made July 6, 1893. On July 20, thereafter, additional and more specific proofs were furnished. On October 21, 1893, appellee gave written notice to appellant's agent of a mistake in the amount of his previous proofs, and of an additional amount that would be claimed by him. The claim made in this paper was, however, disregarded by the trial judge in rendering the judg-

ment.  The suit was instituted October 21, 1893, more than sixty days after furnishing the amended proofs on July 20th.

The court below, after hearing evidence, held the proofs of July 6th and 20th to be a sufficient compliance of the policy, and found against appellant upon its plea in abatement.  The first assignment of error presented in the brief is:  "The court erred in overruling defendant's plea in limine, making the issue that plaintiff's suit was prematurely brought."

As a plea in abatement, it would seem that this part of the answer was waived, because filed after the previous answer to the merits.  It is true, appellant's amended answer recites that its previous answer had been withdrawn by leave of the court; but we are not otherwise advised by the record that this permission was in fact granted, and we think it would be unsafe to accept statement in a party's own pleading as evidence in its favor of the truth of so important a matter. The court, however, seems to have heard this plea upon its merits, and as we are not prepared to hold this defense inadmissible under the general denial, we will not base our decision entirely upon the ground above stated.

The objection urged by these proofs is in the alleged failure to comply with that clause of the policy above quoted, which required the insured to "render a particular account of such loss," it being contended that the proofs as furnished were insufficient in that respect. The proofs first furnished contain a statement, that "the actual cash value of the property insured, and the actual loss on the same, is given in schedule marked A.  The amount claimed of the Phœnix Insurance Company, of Hartford, Conn., by reason of said fire, is $3652.80."

The schedule referred to is as follows:

"Inventory  February 1, 1893............................ $14,129.15
"Purchase spring 1893...................... $7,506.49
"W. L. Douglass Shoe Co....................  117.70
"Standard Portrait Co......................   37.00
"Hagardine-McKittrick Co...................    4.50
"Pratt, Simmons & Co.......................    1.90
                                          $7,767.59
                                             3½

                                          $  271.86
                                          7,767.59 —  8,039.45
                                                    $22,168.45
"Sales February 1, 1893, to June 23, 1893.... $6,914.76
"35 per cent profit........................ 1,792.72 —  5,122.04
                                                    $17,046.56
"The property was a total loss."

The amended proofs of July 20 contain the following: "Property Destroyed.  My entire stock of dry goods, boots, shoes, clothing, hats,

etc., situated in stone building on lot number 3, block number 3, west side Main street, Albany, Texas.   Total loss, cash value, $17,046. 56."

Subsequently a number of letters passed between the parties, those written by appellant's agent being carefully drawn, with the apparent purpose of avoiding a waiver of any of the requirements of this voluminous and complicated contract, and seemingly with the view of tantalizing the appellee as much as possible.   A lengthy one, bearing date August 14, 1893, however, contains this clause:   "And please bear in mind, that unless the itemized inventory said to have been taken February 1, 1893, is produced, also duplicate invoices duly verified, where the originals have been destroyed, freight bills, accounts of all discounts and rebates, and a complete record of all sales from February 1 to June 23, 1893, a compromise settlement only can be considered."

It appears from the evidence, that the inventory referred to in this letter had been destroyed in the fire which consumed the house and goods, and its production was therefore impossible.   It also appears, that the agent who wrote this letter had been previously advised of that fact.   As we understand this letter, it distinctly notifies appellee, that unless this inventory should be produced it would be useless for him to furnish duplicate invoices or other account of the loss, as no payment would be made except such as the company might see proper to agree to by way of compromise.

As this inventory could not be produced, it would seem that the only question left is, did appellant have the right by the terms of its contract to demand its production, under the circumstances of this case, as a part of the proofs of loss?   If not, by making compliance with this demand an indispensable condition of payment, it is clear that it waived all other proofs.

We have been unable to find in the policy anything which requires the production of an inventory of this kind, either as a part of the proofs of loss or as a condition of payment.   The two clauses of the policy copied above are the only ones insisted upon as bearing upon the question.   The "bills and invoices" referred to in the second one of these evidently does not include an inventory made of stock already on hand by a merchant in the ordinary conduct of his business.

We therefore construe this letter as rendering futile any further attempt on the part of appellee to comply with the demands of appellant; and as these demands were such as it had no right to make, it therefore rendered unnecessary the furnishing of any further proofs of loss. If we are correct in this, it would seem also to be a waiver of the sixty days for bringing the suit.

In 2 May on Insurance, section 469, it is said:   "And the waiver of the proof is a waiver of the condition that payment is not to be made till a limited time after the proof, so that in such case suit may be brought at once upon the denial of liability, although the time within

which after proof of loss the payment may be demandable may not have expired."

It will be noted that the waiver contained in this letter was made more than sixty days before the institution of the suit. Ins. Co. v. Brown, 82 Texas, 631.

The court below, however, seemingly based its ruling upon the ground that the proofs of July 6 and 20 were a sufficient compliance with the requirements of the policy. Upon this subject, in 2 May on Insurance, section 475, under the heading, "Particular Account— What is Required," it is said: "The 'particular account of loss or damage' is always liberally construed in favor of the insured, as he must often render it under the disadvantage of the loss of the means for rendering it. * * * The fact of loss within the risk, the subject matter, and the amount of injury sustained, are all that are necessary; nor need it state the interest of the insured, unless specially required. The particular account of loss should be reasonably specfic under all the circumstances of the case. * * * A general statement of the aggregate value of the property lost, which consisted of divers articles, has been held to be an excuse for an insufficient 'particular account,' where from the loss of books and accounts, or for other causes, no better or more detailed statement could be made. Even under such circumstances, this must be more than a mere repetition of the description in the policy, as more or less particulars may always be remembered. * * * If there is some particularity, the jury may say if there is enough. If there is none, the court will not allow it to go to the jury. * * * Whether proof is furnished is for the court; whether it is sufficient is for the jury; and the burden of proof is on the insured to show that he has complied with the requirements."

We are not prepared to say from the evidence in this case that the court below erred in holding the proofs furnished as sufficient.

Appellant also assigns error to the admission of these proofs of loss in evidence over its objection. It follows from what we have said, that we think this assignment should be overruled. As is well said in Hibernia Insurance Company v. Starr, 13 Southwestern Reporter, 1017: "It was not the province of the company to determine the question as to the sufficiency of proof of loss. That was for the court and jury. There were many questions to be considered of which the law does not make the insurance company the judge. The plaintiff may have made the best proof that could have been made under the circumstances. Impossibilities would not be required of him, and if he did fail in certain particulars to comply with the terms of the policy in making proof, it was not necessarily fatal to plaintiff's case. Such matters must be submitted to the courts. Plaintiff had the right to submit such proof as had been made on both efforts to prove the loss, and defendant could then, if possible, show the defects in the proof; and the court and jury would have the matter before them from which they could say and determine whether it was sufficient. Defendant was not

the final arbiter, and though they might object at the time to the suffi-
ciency of the proof, and require other proof, the question at last is for
the court; and though the proof might not be technically correct, the
law might say that if it were as full and complete as could be made
under the circumstances, it would be sufficient."

We think appellee sufficiently accounted for the loss of the inven-
tory made by him in February to authorize the introduction of second-
ary evidence as to its contents. He testified positively to its destruc-
tion in the fire that consumed the goods. Besides this evidence was
only used to show the amount of the goods appellee had on hand at the
time named, and this he seemed to remember independently of it; so
that we are not prepared to say that his verbal statements as to this
amount should be classed as secondary evidence.

We do not find the amount of the judgment excessive under the
evidence. It may be that the trial judge did not adopt exactly the
mode in arriving at the amount of the loss that we would have pur-
sued had we occupied his position, but the difference, even upon ap-
pellant's own showing, would have been very slight in comparison
with the amount involved, and the evidence was ample to sustain a
finding for a larger amount, had a different mode of calculation been
adopted.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered May 29, 1895.