LAKE, TOMB & COMPANY v. W. N. COPELAND ET AL.

Decided January 31, 1903.

**1.—Trespass—School Land—Pasture Inclosure—Charge.**

Plaintiff sued for trespass in entering his pasture and turning live stock therein, and defendant justified on the ground that he had settled in good faith upon an unsold and unleased school section in the pasture, making application to purchase the same from the State, and had also purchased a lease upon another section therein. Plaintiff proved possession and a valid subsisting lease from the State of the section on which defendant had settled. The court charged that if defendant did not have in the pasture more stock than allowed by law (one head for every 10 acres) the verdict should be in his favor. Held error, as assuming defendant's ownership of the section on which he had settled, and therefore in violation of the statute forbidding a charge on the weight of the evidence. Rev. Stats., art. 1317.

**2.—Injunction—Violation—Punishment—Evidence.**

A defendant's disobedience of an injunction previously served on him in the case does not deprive him of the right to testify as a witness in the case, nor does his obedience to such writ entitle him to a verdict against the plaintiff, and it is error for the court to so charge.

Appeal from the County Court of Lubbock. Tried below before Hon. W. D. Crump.

*Beaty & McGee,* for appellants.

*J. J. Dillard* and *E. M. Overshiner,* for appellees.

SPEER, ASSOCIATE JUSTICE.—This is an appeal by Lake, Tomb & Co. from an adverse judgment in the County Court of Lubbock County, in an action against W. N. Copeland and E. D. Copeland. Appellants' petition alleged that they were in the peaceable and lawful possession of a large pasture of grazing lands, describing them, inclosed with good and sufficient wire fences. That on about August 1, 1901, the appellees unlawfully broke and entered said pasture and with cattle and horses wasted and destroyed appellants' grasses and stock water, and otherwise injured their cattle, for which injuries they asked damages, and to prevent a continuance of such trespass, sought and obtained a writ of injunction. The appellees answered by exceptions, a general denial and plea of not guilty.

Upon the trial appellee W. N. Copeland testified that in June or July, 1901, he moved upon a section of unsurveyed, unleased and unsold school land located in appellants' pasture. That he built a house, bored a well and occupied said land in good faith as his home, and that he had applied to the Commissioner of the General Land Office to purchase the same. He further testified that he had purchased the lease upon another section, number 52, in the pasture, and carried with him about thirty head of horses and twelve head of cattle, turning them into the pasture.

By an agreed statement of facts it appears to have been proved that

at the date of the entry and settlement of appellees upon the section in question the plaintiffs were in the peaceable and lawful possession of the pasture, and upon this particular section had a lease from the State for the term of five years from the 7th day of May, 1900, and that all rentals due the State under the contract of lease had been paid.

It will thus appear, stating the case most favorably to appellees, that it was a controverted question under the pleadings and proof whether appellees owned or controlled the section upon which settlement had been made in such pasture; and upon this state of case the trial court instructed the jury, at the request of appellees, as follows: "You are further charged that if you believe from the evidence in this case that the defendants did not have in their said close or pasture more stock than the amount allowed by law, to wit, one for every ten (10) acres, you will find for the defendant, and so say by your verdict." This was clearly erroneous. The court could not properly assume that W. N. Copeland was the owner of the section upon which he had settled, and that the defendant therefore had the right to turn into said pasture the number of stock indicated in the charge, or any other number. Rev. Stats., art 1317; Golden v. Patterson, 56 Texas, 628; Boaz v. Schneider, 69 Texas, 128. If the charge be predicated upon appellees' leasehold interest in section 52, the error is none the less apparent. Concede that there was no controversy as to the appellees' right to this section, it does not follow that they would be at all justified in committing the trespasses complained of in this suit, with respect to the other section claimed by them.

Error has also been assigned to the action of the court in permitting evidence tending to show appellees' ownership of the section involved, because the same was in no way pleaded; the answer, as already stated, consisting only of the general issue and plea of not guilty. A decision upon this point would be entirely superfluous, since the case must be reversed for the error already discussed, and the question will doubtless be avoided upon another trial.

We will remark further, however, that it was improper to instruct the jury not to consider appellee W. N. Copeland's testimony in his own behalf, if he had disobeyed the writ of injunction previously served upon him. Nor was it the law that he was entitled to a verdict in his favor if the jury were of opinion he had obeyed the writ, as they were told in the fourth special charge. It was his duty to obey the mandate of the court, but his doing so would not entitle him to a verdict, nor his disobedience deprive him of the right to be heard as a witness.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*