E. A. PERRY ET AL. v. STANDARD LIFE & ACCIDENT INSURANCE COMPANY OF DETROIT.

Decided January 29, 1910.

**Accident Insurance—Contract—Construction.**

A ticket or policy of accident insurance contained the following stipulations: "This ticket does not insure any person under eighteen or over sixty-five years old, nor any person employed on any public conveyance, etc." Held, the legal representatives of a person over sixty-five years old at the time he

bought the ticket of insurance and at the time he was fatally injured, could not recover on said contract. By the terms of the contract a person over sixty-five years of age was not insured thereby.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Bell & Milam,* for appellants.

*W. J. J. Smith,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an action by appellants as executors of the will of F. M. Phelps, deceased, to recover upon an accident policy issued by the appellee in favor of said Phelps. There was a trial before the court resulting in a judgment in favor of the defendant in the action, and the plaintiffs have appealed, presenting the sole question of the interpretation of the following provision contained in the policy sued on, viz.: "This ticket does not insure any person under eighteen or over sixty-five years old, nor any woman except against death only, nor any person employed on any public conveyance," etc. The deceased Phelps, at the time he procured the ticket of insurance, was a man over sixty-five years old, and the case is presented to us as though the trial court had denied the recovery because of this fact, and we will so treat the decision ourselves.

The contention of appellants, in the language of their counsel, is "that the words 'except against death only' apply to a man over sixty-five years old as much as to a woman. If it had been the intention of the insurance company to limit the exception to women only, the ticket would have read, 'this ticket does not insure any woman except against death only, nor any person under eighteen or over sixty-five years old, nor any person employed on any public conveyance, nor any person bereft of reason,' " etc. But to our minds the trial court correctly held that the exception of liability against death did not apply to a man more than sixty-five years old. Undoubtedly, the language given as an instance by appellants would have had the meaning suggested, but so we think the language of the contract, without the transposition, means identically the same thing. We think a person under eighteen or over sixty-five years old, and each class of persons named in subsequent clauses introduced by the word "nor," contemplates a separate and distinct class within itself, against which the company did not undertake to insure. The phrase "except against death only," whether considered from the viewpoint of context or punctuation, evidently relates only to the class in connection with which it is used—that is, to women. We do not consider it a case of ambiguity calling for the application of the rule invoked by appellants, that, where a contract of insurance is capable of two interpretations, that one most favorable to the insured will be adopted.

Neither will appellants' suggestion that this interpretation renders the exception repugnant to the undertaking of the policy avail them, since the effect is merely to hold that the deceased never came within the terms of the policy, there being no contention that the company

in any manner waived the condition that the contract should not be operative in favor of one outside the prescribed age limit. These conclusions result in an affirmance of the judgment.

*Affirmed.*

Writ of error refused.