ROYAL NEIGHBORS OF AMERICA v. SIMS et al. (No. 8271.)

\(Court of Civil Appeals of Texas. Dallas. Nov. 1, 1919.)

1. INSURANCE ⚖=665(3)—EVIDENCE AS TO MISREPRESENTATIONS IN APPLICATION.

In an action on an insurance policy, wherein insurer pleaded that insured had misrepresented the date of her birth, evidence *held* to support a finding that the year of birth on the application had been left blank by insured, and subsequently erroneously filled in by some one else.

2. INSURANCE ⚖=389(7)—WAIVER OF INFORMATION REQUIRED OF APPLICANT.

Where applicant for a life insurance policy makes no statement as to age, or imperfectly and incompletely states it, insurer, by issuing a policy, waives the information and is bound, notwithstanding that the age, if given, would have caused a refusal of insurance.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by Mrs. Mae Sims and others against the Royal Neighbors of America. Judgment for plaintiffs, and defendant appeals. Affirmed.

Davis, Johnson & Handley, of Dallas, for appellant.

Clark & Sweeton, of Greenville, for appellees.

RASBURY, J. This is an appeal from the judgment of the court awarding appellees the sum named in a policy of insurance issued by appellant to Mrs. Leila Youngblood, of which appellees were the designated beneficiaries. In the court below appellant alleged as matter of defense that Mrs. Youngblood, in her application for insurance, stated she was born December 18, 1862, while in truth she was born May 18, 1858, making her age that at which appellant would not have insured her, and which false statement, by the provisions of the policy, rendered it void and unenforceable. Appellees by sworn plea alleged in substance that the application signed by Mrs. Youngblood had been materially altered or changed after she signed same, by adding after the figures "18" the figures "62." The court found as matter of fact that the application signed by Mrs. Youngblood did not contain the statement that she was born on the 18th day of December, 1862, but contained the statement that she "was born * * * on the 18th day of December, 18—."

[1] The single issue presented on appeal is that the finding of the court is without support in the evidence. The facts deducible from the evidence on that issue are these: The application for insurance offered in evidence by appellant, and which bears the genuine signature of Mrs. Youngblood, contains the statement, "I was born * * * on the 18th day of December, 1862." The figures "18" were part of the printed form. The figures "62," following the printed figures "18," are written in with pen and ink, and the handwriting employed for that purpose is dissimilar or unlike the handwriting employed in filling in the other and various blanks in the application. The application is dated September 22, 1906, and was continuously in possession of appellant from that date to the date of the trial, a period of more than 12 years. Attached to the policy sued on was a copy of the foregoing application, and attached to the application was a printed slip or rider, asserting it to be a copy of the original application. Such copy does not contain the statement that Mrs. Youngblood was born December 18, 1862, but does contain the statement, "I was born * * * on the 18th day of December, 18—"; the figures "18" being printed. The policy or certificate sued on was the third issued to Mrs. Youngblood, due to change of beneficiaries. Both former policies had attached to them purported copies of the application. The policies and the copies of the applications were shown to be in the possession of appellant. The applications were not produced at trial. On the margin of the policy delivered to Mrs. Youngblood was the notation, "Age 44," referring to the assured. Mrs. Youngblood was in truth born May 18, 1858. This made her ineligible for membership in appellant at the time she made her application.

We conclude that the court's conclusion does find support in the evidence. There is an apparent difference between the handwriting employed in placing the figures "62" after the printed figures "18" and that used in filling in the large number of other blanks in the application. The court was authorized to regard and inspect that difference in reaching a conclusion. Millington v. Millington, 25 S. W. 320. The fact that appellant had attached to its policy a copy of the application disclosing that Mrs. Youngblood did not make the statement that she was born in 1862 is a circumstance of no mean significance, when it is considered that only from the application signed by Mrs. Youngblood could a copy be made. To the foregoing might be added the further circumstance that no officer, agent, or representative of appellant testified that they had not altered the instrument, or detailed the manner of its keeping, or in whose possession or control it was during the years following its receipt.

[2] Having concluded that the evidence sustains the court's finding that the applicant made no statement concerning her age, or at most an incomplete or imperfect answer to the inquiry, it follows, under the rule stated

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in the cases cited below, that appellant, by issuing its policy, waived such information and is bound by the policy. Phœnix Assur. Co. v. Munger, 49 S. W. 271; Thies v. Mutual Life Ins. Co., 13 Tex. Civ. App. 280, 35 S. W. 676; 3 Cooley's Briefs on Insurance, 2634.

The judgment is affirmed.