## BARKER v. TRAVELERS' INS. CO.
### No. 3802.

Court of Civil Appeals of Texas. Amarillo:
April 27, 1932.

Rehearing Denied July 9, 1932.

Levens, McWhorter & Howard, of Lubbock, for appellant.

Thompson, Knight, Baker & Harris, of Dallas, and Bledsoe, Crenshaw & Dupree, of Lubbock, for appellee.

HALL, C. J.

The appellant Barker bought a railway ticket from Texas to California. The agent of the railway company at that time sold him an accident policy which provided for weekly payments to the assured in the event he sustained certain injuries during the term of the policy, and it was further provided that, in case of accidental death, the company would pay $5,000. The life of the policy was for forty-eight hours, and the premium paid by the appellant was 50 cents.

The policy contained this condition: "The insurance under this policy shall not cover any person under the age of eighteen and over the age of seventy years."

During the life of the policy Barker was injured at Clovis, N. M., while en route to California, and filed this suit to recover damages in the sum of $950.

The evidence showed that Barker was over 80 years of age at the time the policy was issued, and the insurance company set up that fact in defense.

By a supplemental petition Barker alleged that he signed no application for the insurance; that the agent who issued the policy made no inquiry as to his age, and that he made no representations with reference thereto; that the company had accepted the premium of 50 cents and retained it; that he did not know the policy contained a provision with reference to his age, and it was shown that the policy was issued to him only a few minutes before he boarded the train for California, and he had no knowledge of the stipulation referred to. The fact of the issuance of the policy without making inquiry as to the age of the assured and the receipt and retention of the premium were set up as a waiver and as estopping the defendant from relying upon the provision in the policy with reference to the age of the assured.

When both sides closed in the introduction of testimony, the court directed a verdict for the insurance company. Hence this appeal.

Barker testified that, when he purchased his ticket at the Santa Fé depot for Bakersfield, Cal., the ticket agent asked him if he wanted an insurance policy. He further testified: "I asked him (the agent) what it was and he said that he could issue me a policy that would cover me for two days for 50¢ and that if I got hurt, the Insurance Company would pay me so much a week and if I got killed the Insurance Company would pay $5,000.00. I told him that I would take it and I paid him 50¢ and he folded the policy and put it in the envelope with my ticket. The train was about to leave the station and I rushed to get on the train."

He further testified that he did not read the policy, and that the agent who issued it did not ask him how old he was at the time

it was issued; that he did not tell the agent his age because he was not asked to do so.

C. B. Jones, the agent who issued the policy, testified, in part: "I was an employee of the Santa Fé Railway Company as ticket agent and also was agent for the Travelers' Insurance Company in issuing these policies of insurance. Along about Nov. 24, 1930, a gentleman purchased a ticket to Bakersfield, Calif., and at that time I sold him a policy of insurance in the Travelers' Insurance Company. I did not know what his age was at that time. I made no inquiry of him as to his age and he made no statement to me at that time. I knew there were various and sundry other limitations in the policy with reference to health, age, etc., and that the contract was so written as to avoid the issuance of a policy if a person was over the age or under the age. I did not explain any of these things to Mr. Barker. As a matter of fact, these policies are issued in a hurry and a rush. The Travelers' Insurance Company instructs me to issue these policies to people boarding the train who purchase tickets. As a general rule these policies are just filled out and put in an envelope and handed to a man and he immediately walks out and boards a train. It is never the policy of the Company to require me and I do not make any inquiries as to the physical condition or the age of the applicant for the policy and I did not make any such inquiries of this man. I did tell him it was an accident policy. I had the opportunity of asking him any questions that I desired and to examine his appearance and at the time I issued the policy I just passed that part of it up and issued it to him."

█ We think the court erred in directing a verdict against the appellant. The appellee relies principally upon the case of Perry v. Standard Life & Accident Ins. Co., 59 Tex. Civ. App. 50, 125 S. W. 374, in which it is held that such a provision in the policy when the assured is over the age limit is a complete defense. That case may, however, be distinguished from this case and the line of authorities sustaining our holding herein by the fact that the plaintiff in the Perry Case did not plead waiver and estoppel. The waiver of the terms of a policy or estoppel by conduct under any such terms must be specially pleaded by the plaintiff, else they are held to be waived. Lone Star Finance Co. v. Universal Automobile Ins. Co. (Tex. Civ. App.) 28 S.W.(2d) 573; East Texas Fire Ins. Co. v. Brown, 82 Tex. 631, 18 S. W. 713.

█ We think the rule is established in Texas by the case of Royal Neighbors of America v. Sims et al. (Tex. Civ. App.) 216

S. W. 240, that, when a policy of this character is issued without an application and without any inquiry on the part of the insurer as to the age of the insured, such a provision in the policy has been waived. This holding is in accord with the weight of authority in other jurisdictions. 1 C. J. 409, § 22; 26 C. J. 318, § 391; Southern Insurance Co. v. Nicholson (Tex. Civ. App.) 292 S. W. 569; Hause v. Standard Accident Insurance Co., 172 Mich. 59, 137 N. W. 694; 4 Crouch on Insurance, § 878f; 5 Cooley, Br. Ins. (2d Ed.) P. 4226.

For the reasons stated, the judgment is reversed, and the cause remanded.