## TRAVELERS INS. CO. v. BARKER.
### No. 4617.

Court of Civil Appeals of Texas. Amarillo.

June 15, 1936.

Rehearing Denied Sept. 7, 1936.

Bledsoe, Crenshaw & Dupree, of Lubbock, and Thompson, Knight, Baker & Harris, of Dallas, for appellant.

McWhorter & Howard, of Lubbock, for appellee.

HALL, Chief Justice.

This action was instituted July 7, 1931, by Barker against the insurance company to recover upon an accident policy which had been issued to plaintiff by the defendant. The case was tried at a former term of the court, and the trial judge instructed a verdict for the company, from which Barker appealed. The judgment was reversed, and the case is reported in (Tex. Civ.App.) 52 S.W.(2d) 285. The Supreme Court dismissed the writ of error for want of jurisdiction, as reported in 80 S.W.(2d) 953.

Plaintiff's petition has not been amended, and he alleges in substance that on November 24, 1930, for a consideration of 50 cents paid, he purchased and procured an accident policy, insuring him for a period of forty-eight hours for losses resulting from bodily injuries sustained solely by external, violent, and accidental means in the manner provided in said policy, and subject to the conditions and limitations therein contained; that the policy provided for a weekly indemnity of $25 for not exceeding fifty-two consecutive weeks, provided the insured should be continuously and wholly disabled during said period by injuries sustained "independently of all other causes from performing every duty pertaining to his or her business or occupation." He then alleged that he suffered bodily injuries effective during the term of said insurance by accidental and violent means on the 24th day of November, 1930, within the terms and limitations of said contract of insurance, and plaintiff gave due notice and proof of said injuries within the time provided in said policy of insurance. He prayed for judgment for $950, interest and costs.

The policy contained this limitation: "The insurance under this policy shall not cover any person under the age of eighteen nor over the age of seventy years. Any premium paid to the company for any period not covered by this policy will be returned upon request."

The defendant answered by general demurrer and general denial, and specially pleaded the provision of the policy just quoted. It was alleged that plaintiff was over seventy years of age, and was not entitled to recover under the contract, and tender of the premium paid was made to plaintiff in accordance with the provisions of the contract.

By supplemental petition, plaintiff pleaded that in issuing the policy sued on, and in accepting the premiums therefor, and in retaining the same, defendant waived the provisions pertaining to the age of the plaintiff; that at the time the policy was bought, he was preparing to board a train; that he made application to defendant's agent who issued the policy for insurance as specified therein; that the agent made no request for information as to plaintiff's age; that no representations were made concerning his age; that the application was made verbally with the intention of securing protection on the trip that the plaintiff was then undertaking for himself in his then condition, and to cover him at the age he had then and there reached; that under the circumstances the defendant's agent knew or should have known that plaintiff was seeking protection on said trip under such policy; that he then and there received such policy he paid for; that the defendant, in issuing said policy, and receiving and retaining premiums, thereby waived the provisions in said pol-

icy requiring the insured not to be over seventy years of age, and that by virtue of said waiver defendant was estopped to deny liability.

The defendant filed a second supplemental answer, consisting of general demurrer and exceptions, specially alleging that its agent did not know the age of the plaintiff, did not know that the plaintiff was more than seventy years of age at the time the policy was issued, and that as soon as it learned said fact it tendered back the premium to said plaintiff, which tender has been kept good and intact since it was first made; that it was the intention of both the plaintiff and defendant that the contract would consist only of the very terms set out in the ticket policy itself; that since the policy was issued without application of any kind, the contract was represented entirely by the presented instrument itself.

In response to five special issues, the jury to whom said case was submitted found as follows: (1) That the defendant issued to plaintiff the policy of insurance introduced in evidence; (2) that on November 24, 1930, Barker suffered bodily injuries as a result of a fall at Clovis, N. M.; (3) that such bodily injuries were effected solely by external violent and accidental means; (4) that the plaintiff was wholly disabled by such injuries, independently of all other causes, from performing every duty pertaining to his occupation; and (5) that the plaintiff was continuously and wholly disabled by such injuries, independently of all other causes, from performing every duty pertaining to his occupation from November 24, 1930, for a period of twenty-two weeks. Judgment was entered accordingly.

The first proposition is: "Since the plaintiff's pleading shows upon its face that the contract sued upon specifically provides that persons under eighteen years of age and over seventy years of age are not covered under the contract sued upon, and since nowhere in his pleading does plaintiff allege that his age is between eighteen and seventy, and thereby within the purview of the policy, plaintiff has failed to allege a cause of action within the purview of said policy, and defendant's general demurrer should have been sustained."

We overrule this proposition. The issue of the age of plaintiff and his right to recover because of the age limit stated in the policy is fully raised by defendant's pleadings. It is settled law that defects and omissions in the pleadings of one party may be corrected or supplied by allegations in the pleadings of the other. Texas Employers' Ins. Ass'n v. Arnold (Tex.Civ. App.) 57 S.W.(2d) 954.

The second and third propositions are presented together. By the second proposition it is insisted that since the plaintiff has not alleged in his first supplemental petition that the defendant knew that the plaintiff was more than seventy years of age at the time of the issuance and delivery of the contract sued upon, no waiver is alleged, and defendant's general demurrer in its second supplemental answer, directed to plaintiff's first supplemental petition, should have been sustained. The third proposition is that since the law in this state is that where a contract of insurance is issued without written application and without inquiry as to any conditions which might void said policy, and since the terms of the contract are the terms set out in the writing itself, and since the failure to make such inquiry constitutes no waiver or an estoppel against the company from relying upon a breach of any of the conditions and provisions contained therein as a defense to a claim and since the plaintiff can only recover where he is able to bring himself within the purview of the contract as issued, the allegations of plaintiff's first supplemental petition that he was fixing to board a train at the time he made application for the insurance policy, that no request for information was made of the plaintiff by the defendant's agent, that there were no representations by the plaintiff concerning his age, that said application was made orally with the intention of obtaining protection on the trip he was undertaking, and that the defendant knew or should have known that the plaintiff was seeking protection on the trip under said policy, are insufficient, as a matter of law, to allege a waiver or an estoppel, and the defendant's general demurrer, directed to such first supplemental petition of plaintiff, should have been sustained.

There is no merit in either of these propositions, and the principles of law announced are foreign to cases of this character.

In Equitable Life Assur. Society v. Ellis, 105 Tex. 526, 147 S.W. 1152, 1157, 152 S.W. 625, it is said: "But the question here is one of waiver, and it was not necessary for Ellis [the assured] to have been

misled for a waiver of the forfeiture to be accomplished. The issue of waiver is not to be determined by what Ellis did or omitted to do. It should be considered only in the light of what the company did. Ellis had no power to waive the forfeiture, and his conduct or mental condition could have had no probative force upon the question as to what the company did or intended to do, or upon the effect to be given its action. It alone had the power to waive. Its action alone could constitute a waiver. Waiver is essentially unilateral in its character; it results as a legal consequence from some act or conduct of the party against whom it operates; No act of the party in whose favor it is made is necessary to complete it. It need not be founded upon a new agreement or be supported by a consideration, nor is it essential that it be based upon an estoppel." See, also, Home Ins. Co. of N. Y. v. Shepherd (Tex.Civ.App.) 63 S.W.(2d) 758; Texas State Mutual Fire Ins. Co. v. Leverett (Tex.Civ.App.) 289 S.W. 1032.

■ The appellee alleged that the appellant waived that stipulation of the policy limiting the age of claimants under such policy between eighteen and seventy years of age. The appellant issued a short printed form of policy to prospective railway passengers, without inquiry as to age. The undisputed evidence is that appellant's agent who delivered the policy knew of the age limit, but, as he said, "just passed it up" in so far as making any inquiry in regard to that limitation. The policy was issued under conditions rendering it impossible for the purchaser to know its terms. He was a man eighty years of age, and had only a few moments in which to catch his train after the policy was issued. He was ignorant of the age limitation, and there was no written application and no representations made by him. Under such circumstances it is presumed that the appellant waived the age limitation, and the trial court did not err in refusing to direct a verdict for the appellant for that reason. Barker v. Travelers Ins. Ass'n (Tex.Civ. App.) 52 S.W.(2d) 285; Royal Neighbors of America v. Sims (Tex.Civ.App.) 216 S. W. 240; So. Ins. Co. v. Nicholson (Tex. Civ.App.) 292 S.W. 569; 37 C.J. 526, § 260; 1 C.J. 409, § 22; Law v. Texas State Mutual Fire Ins. Co. (Tex.Com.App.) 12 S.W.(2d) 539; Sovereign Camp W. O. W. v. Putnam, 206 S.W. 972.

In the case of Royal Neighbors of America v. Sims, supra, the court said: "Where applicant for a life insurance policy makes no statement as to age, or imperfectly and incompletely states it, insurer, by issuing a policy, waives the information and is bound, notwithstanding that the age, if given, would have caused a refusal of insurance."

■ There is no conflict in the testimony bearing on the issues of waiver and estoppel, and, therefore, it was not necessary to submit such issues to the jury, and the failure on the part of appellee to request a submission thereof does not amount to an abandonment. Hebert v. New Amsterdam Casualty Co. (Tex.Com.App.) 3 S.W.(2d) 425; Emergency Clinic and Hospital v. Continental Inv. Co. (Tex.Civ.App.) 41 S.W.(2d) 640; Temple Trust Co. v. Stobaugh (Tex.Civ.App.) 59 S.W.(2d) 916.

The twelfth proposition is: "Since plaintiff's petition had attached thereto the entire contract, which contained many exceptions to the general coverage, such as that the insurance would be void as to persons maimed, crippled or deformed, or bereft of reason, sight or hearing, and that the insurance should not cover accident, injury, disability, dismemberment or death caused directly or indirectly, wholly or partly by voluntary exposure to unnecessary dangers; disease in any form; fits, vertigo or sleep walking; fighting or injuries, fatal or non-fatal, inflicted intentionally by the insured or by any other person sane or insane, or sustained by the insured while insane or intoxicated; while violating the law, resisting arrest or fleeing from justice; or while getting on or off any moving conveyance, or trying to do so, or happening while in or on any part thereof not provided for the use of passengers; or while in or on any vehicle or mechanical device for aerial navigation; and since plaintiff's petition did not negative such exceptions, and did not allege that the injuries and disabilities were not caused by fits, vertigo, and the other excepted clauses, and since said petition did not bring the claimed loss within the policy provisions, after taking into consideration the exceptions, the said petition did not state a cause of action, the burden being on the plaintiff to allege that the loss sustained by him, if any, comes within the general liability limited by the terms of the policy, and, in addition, that it does not come within any

of the excepted clauses, and the general demurrer should have been sustained."

This assignment must be sustained.

 As shown by Associate Justice Martin of this court in Georgia Home Ins. Co. v. Trice, 70 S.W.(2d) 356, the courts have rendered conflicting opinions upon this question. In East Texas Fire Ins. Co. v. Dyches, 56 Tex. 565, 569, the Supreme Court held that such exceptions and conditions in a contract of insurance were matters of defense, and were not required to be noticed or negatived in the petition; but the pendulum has swung to the other extreme, and, while what has been said is not perfectly clear, we gather from reading all the cases we could find upon that question that where the general liability of the insurer is limited by special exceptions stated in the policy, the burden is on the insured to both allege and prove that the loss sustained by him comes within the general liability thus assumed by the insurer, and, in addition, that it does not come within any of the excepted clauses. So many cases have announced the rule that we are compelled to apply the doctrine in disposing of this appeal, a course which this writer reluctantly adopts.

The policy which forms the basis of this suit is, as a matter of common knowledge, issued after the traveler has bought his ticket, and while the engine is throbbing impatiently to leave with the train, and generally after the conductor has called "All aboard." Of course, the purchaser has no time to read it.

In addition to the exceptions set out in the proposition, we have read others mentioned in the policy, and as nearly as we can estimate them, there are more than sixty specific exceptions. The writer of the policy, it seems, endeavored to include therein every conceivable, possible means by which a purchaser of such policy might suffer death or injury. The only facts or circumstances which we can think of right now, and which were not included in the exceptions and by which Barker might have been killed or injured, are the possibility of colliding with a meteoroid, being captured by one of "Little Orphant Annie's gobiluns," swallowed whole by the fabulous sea serpent, or mangled by Uncle Remus' "Wull-er-de-Wust." Why the plaintiff ever paid 50 cents for such a purported contract of indemnity can be accounted for only by the senility incident to his eighty years, or the fact that he did not have time to read it before he parted with his money. The appellant tendered the 50 cents in court. We are strongly inclined to the opinion that plaintiff could have recovered the 50 cents upon a plea of utter failure of consideration.

We have no discretion in the matter, and since the appellee, a man of more than eighty years of age, was hurrying on his way to California to spend the few remaining hours of his life with his son, paid 50 cents for a scrap of paper thinking he was getting a real insurance policy, after pleading that he fell on the platform of the railroad company, he failed to negative that he was injured in a mine or any subaqueous work, and failed to allege that he was not blind or deaf, that there were no contusions or wounds on the exterior of his body causing his disappearance, that he had not been dismembered nor injured by malpractice of a surgeon, had not thrown any fits or walked in his sleep, nor inhaled any poison gas, suffered a sunstroke nor froze to death, got hurt playing football or lacrosse, nor run afoul of a maniac; and also failed to negative these exceptions by proof, after showing by his testimony exactly how he was hurt, this case must go back for another trial. Pelican Ins. Co. v. Troy Co-op. Ass'n, 77 Tex. 225, 13 S.W. 980; International Traveler's Ass'n v. Bettis, 120 Tex. 67, 35 S.W.(2d) 1040; Coyle v. Palatine Ins. Co. (Tex.Com.App.) 222 S.W. 973; Travelers' Ins. Co. v. Harris (Tex. Com.App.) 212 S.W. 933; Security Ins. Co. v. Sellers-Sammons-Signor Motor Co. (Tex.Civ.App.) 235 S.W. 617 (writ refused); N. W. Nat. Ins. Co. v. Westmoreland (Tex.Civ.App.) 215 S.W. 471.

24 Tex.Jur. p. 1248, comments upon this rule as follows: "The Texas courts also hold, however, that if the exception be regarded as taking something out of the general portion of the contract so that the promise is to perform only what remains after the part or risk excepted is taken away—rather than as a stipulation added to the principal contract to avoid the promise of the insurer by way of defeasance or excuse—the burden rests upon the plaintiff to show that his cause of action does not fall within an excepted risk. In other words, where the excepted risk is in its nature essentially affirmative rather than defensive, in that the policy covers only what is left after satisfying the condition,

**564**

the 'burden is upon the plaintiff to prove that the loss falls within the restricted coverage."'

We believe this statement was perfectly clear to the author; at least we hope it was. Without saying whether we understand it or not, we call the attention of plaintiff's counsel to the rule, in view of another trial. No duty rests upon us, in the crowded condition of our docket, to even try to distinguish between affirmative and defensive exceptions.

It is unnecessary for us to discuss the remaining assignments.

For the reasons stated, the judgment is reversed, and the cause remanded.