Place of sale is to be determined by actual delivery and parting of the seller with the property in the liquor. Whenever this occurs, the sale is made. Weldon v. State, 36 Tex. Cr. R. 34, 35 S. W. 176; Sinclair v. State, 45 Tex. Cr. R. 487, 77 S. W. 621; Bruce v. State, 36 Tex. Cr. R. 53, 35 S. W. 383.

The testimony does not make him the agent of Luke Taylor. What he says is, the liquor will cost me (appellant) $1, and it will cost you $1.25. If he was getting it as the agent of Luke Taylor, when the liquor was purchased, it would become the property of Luke Taylor, and appellant would have no right to make an additional charge for the whisky. The whole conversation shows that appellant was purchasing the liquor at one price for himself, and would sell it to Luke Taylor at another price. The evidence shows a sale by appellant, and does not suggest that he was merely acting as agent of Luke Taylor in the transaction. Therefore the court did not err in submitting that issue.

[3] The fact that the indictment alleged two sales to Luke Taylor, and the proof only showed one sale to him, does not vitiate the conviction. The indictment also alleged a sale to G. S. Riggs, and the proof, authorizing a finding that he made these sales, one to Luke Taylor and one to G. S. Riggs, would meet the requirements of the law in requiring that two sales be proven before a conviction for pursuing the occupation can be sustained. The incidents connected with the sales and the manner of the sales would support a finding that appellant was pursuing the business, and the judgment is affirmed.

---

GRAND FRATERNITY v. MULKEY.

(Court of Civil Appeals of Texas. Ft. Worth. July 2, 1910.)

1. EVIDENCE ⬅️➡️197—IDENTIFICATION OF DOCUMENTS—ADMISSIBILITY.

Where the original petition bearing the signatures of attorneys is not in evidence, the attorneys' signatures thereto cannot be considered as evidence that they are the same persons who wrote a letter notifying the defendant of the death of the plaintiff's intestate.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 681, 681½; Dec. Dig. ⬅️➡️197.]

2. APPEAL AND ERROR ⬅️➡️832(1) — DISPOSITION OF CAUSE—REHEARING—GROUNDS.

Although the court was in error in finding that the evidence showed without controversy that the defendant insurer received and retained the dues of the insured, it was no ground for rehearing where the insurer's local collector testified that he received the dues in time and that the same were forwarded to the home office, and plaintiff introduced a receipt for the dues duly signed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3215–3218, 3220, 3223–3225; Dec. Dig. ⬅️➡️832(1).]

On motion for rehearing. Motion overruled, and judgment affirmed.

For former opinion, see 130 S. W. 242.

DUNKLIN, J. [1] Appellant calls attention to the fact that the original petition was not introduced in evidence, and therefore the signature of Parker & Buck thereto cannot be considered as any evidence that those persons are the same attorneys who wrote the letter set out in our original opinion notifying defendant of the death of W. D. Mulkey. We concur in this contention, but adhere to the conclusion noted that proof of death of the insured was waived by defendant by reason of other facts found by us, and in support of our conclusion the following additional authorities are cited: Merchants' Ins. Co. v. Nowlin, 56 S. W. 198; East Texas Fire Ins. Co. v. Brown, 82 Tex. 637, 18 S. W. 713; Mutual Ins. Co. v. Mattingly, 77 Tex. 164, 13 S. W. 1016; Continental Fire Ins. Co. v. Whitaker, 112 Tenn. 151, 79 S. W. 119, 64 L. R. A. 451, 105 Am. St. Rep. 916; 19 Cyc. 867.

[2] We were in error in our finding that the evidence showed without controversy that appellant received and elected to retain the dues for April as well as for May and June. But, while the evidence introduced by defendant tended to show that the dues for the month of April were never paid during that month and were never received by defendant at its home office, yet its local collector, Ridinger, testified that he received the dues on April 30th, and that the same were forwarded to defendant at its home office in Philadelphia, and plaintiff also introduced in evidence a receipt for the April dues, dated April 30th, and duly signed by the collector. This evidence certainly sustains the finding by the jury that the dues for the month of April were duly received by defendant.

The motion for rehearing is overruled.

Affirmed. Writ of error refused.

---

⬅️➡️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes