### GRAND FRATERNITY V. LYDIA A. MULKEY.

#### Decided July 2, 1910.

**1.—Insurance Company—Denial of Liability—Proof.**

In a suit against a life insurance company upon a benefit certificate, the plaintiff alleged that the defendant had denied liability, and in proof of said allegation introduced in evidence a letter written by the secretary of the company to the attorneys for the plaintiff in which it was stated that the insured had, some months prior to his death, been suspended for non-payment of dues and had not been reinstated, and that therefore he was not in benefit at the time of his death. Held, said letter was in effect a denial of liability, and when taken in connection with the fact that the defendant, on the ground that the policy had elapsed, returned to the beneficiary the dues which it had received for the two previous months, was sufficient to sustain said allegation.

**2.—Insurance Policy—Forfeiture—Clerical Error—Evidence.**

In a suit against an insurance company upon a benefit certificate, the defense being forfeiture of policy for non-payment of dues, evidence considered

and held sufficient to support a finding by the jury that the dues were in fact paid within the time stipulated by the policy, and that there was a clerical error in two receipts issued for said dues in stating the months for which the payment was made.

**3.—Same—Forfeiture—Receipt of Dues—Waiver.**

In a suit against a benefit society, the defense being that the policy had lapsed for non-payment of dues within the time stipulated, evidence as to the retention by the company of the dues, although paid after the time stipulated, considered, and held sufficient to warrant the jury in finding that the company had waived the default.

**4.—Same—Proof of Death—Waiver.**

A denial by a life insurance company of liability on a policy of insurance issued by it is a waiver of proofs of death.

Appeal from the District Court of Reeves County. Tried below before Hon. S. J. Isaacks.

*McKenzie & Brady* and *J. J. Eckford,* for appellant.—Where the certificate sued on was conditioned on satisfactory proofs of the death of W. D. Mulkey, and appellee's petition alleged that appellant denied liability, there could be no recovery without proof of such denial. Employers' Liability Assn. Corp. v. Rockelle, 13 Texas Civ. App., 232.

If the local collector of appellant received the dues of W. D. Mulkey after the time prescribed in its by-laws, and transmitted the same to appellant who received and retained same knowing same were received after the time prescribed in its by-laws, but at the time said dues were so received, transmitted and retained, W. D. Mulkey was not in good health and appellant did not know that said Mulkey was not in good health, appellant would not be estopped upon learning the fact that Mulkey was not in good health at the time said dues were received, transmitted and retained, to return said dues and plead a breach of its by-laws in defense of this action. United Moderns v. Pike, 76 S. W., 774.

*J. W. Parker* and *Stephens & Miller,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—Lydia A. Mulkey was named as beneficiary in a life insurance policy in the sum of two thousand dollars issued by The Grand Fraternity to W. D. Mulkey, husband of the beneficiary. W. D. Mulkey died July 30, 1907, and the defendant having refused to pay the policy Mrs. Mulkey instituted suit and recovered a judgment for the amount specified in the policy.

The policy stipulates that it is "payable upon satisfactory proofs of the death of said member while this certificate is in full force." In her petition the plaintiff alleged that the only proof furnished to the defendant of the death of her husband was a notice of the death contained in a letter written to the company by her attorneys, Messrs. Parker & Buck, but that upon receipt of said notice the defendant denied liability.

Upon the trial the following letter was introduced in evidence written by defendant's secretary at its home office in Philadelphia, Pa.:

"Philadelphia, Pa., August 16, 1907.

"Messrs. Parker & Buck, Pecos, Texas.

"Gentlemen—Your favor of the 7th inst., in reference to the death of William D. Mulkey, has been handed to me upon my return from a two weeks' absence from the office. I find by referring to my records that Mr. Mulkey was suspended for nonpayment of the April dues, since which time he has not been reinstated. He was, therefore, not in benefit at the time of his death.

"Yours respectfully,

"W. E. Gregg, Secretary."

The contention is made that as there was no proof that Parker & Buck were representing the plaintiff at the time this letter was written, the letter was not sufficient proof of a denial by the defendant of liability to the plaintiff, and that as the letter was the only proof offered to sustain the allegation that the defendant had denied liability, a material allegation in the petition was not sustained. Plaintiff's petition filed in the suit was signed by Parker & Buck as her attorneys, and we think that the letter itself clearly indicates a purpose on the part of the writer to notify the beneficiary named in the policy that the defendant company would not pay the policy for the reasons therein stated. This, in connection with the further fact that during the month of August the defendant company returned the dues which it had received for the months of July and August on the ground that the policy had theretofore lapsed for nonpayment of the dues for April, we think was sufficient to sustain the allegation now under consideration, and, having denied liability, no proof of death was necessary. Hollenbeck v. Mercantile Town Mut. Fire Ins. Co., 113 S. W., 217.

One of the stipulations in the policy of insurance reads: "The monthly dues are due on the first secular day of each calendar month, and must be paid to the collector on or before the last secular day of the month without notice, and a failure to pay as required will void the certificate, except as to the extended protection allowed after five years."

Appellant insists that the evidence introduced conclusively shows nonpayment of dues on the policy in accordance with the requirements of its by-laws and the terms of the policy for each of the months of April, May, June and July, 1907.

Defendant had established a local lodge at Abilene; W. D. Mulkey was a member of that lodge; defendant appointed R. W. Ridinger as its agent to collect dues from the members of the lodge; when he ceased to act, the company then appointed M. W. Shelley, Jr., and both of these collectors were by the company furnished official receipts in blank to be filled out and issued by the collectors whenever dues were paid. Plaintiff introduced written receipts to W. D. Mulkey, duly signed by these collectors, showing payments of dues for April, May and June, the receipts being dated upon secular days of each month, also receipts for dues for the months of July and August, the receipt for the July dues

being dated in August, and the receipt for the August dues being dated in July. Ridinger was collector for the company during the month of April, and Shelley was collector during the months of May, June, July and August. The receipt for dues for the month of April was signed by Ridinger and those for the other four months were signed by Shelley. Both these collectors testified that the dues were paid as indicated by the receipts issued by them respectively. The jury was warranted in finding that the money received in July, as indicated by the receipt dated July 30th, was for the July dues instead of for August dues as therein stated, and that the amount received in August as indicated in the receipt dated in August, was for the dues for that month; in other words, that there was a clerical error in each of those receipts in stating the month for which the dues were paid. Clearly, the evidence as a whole, was ample to support the finding by the jury that Mulkey did not default in the payment of his dues· for the months indicated above. This renders it unnecessary to determine the contention by appellee that under the by-laws of the order Mulkey had the entire month of July within which to pay the dues for that month and that as he died on July 30th, there could be no forfeiture even though the dues for July had never been paid at all.

The following instructions were given in the court's main charge:

6. "If you find and believe from the evidence that the said W. D. Mulkey, or some one for him, did not pay to the collector of the Abilene branch of said Order, the sum of $4.14 during each of said months, but did pay to said collector said $4.14 for each of said months after the last day of any or all of said months, and that said collector accepted same and transmitted same to the defendant at Philadelphia, Pa., and that the said defendant accepted and retained same as the dues of the said W. D. Mulkey on said policy or benefit certificate, then you will find for the plaintiff and so say by your verdict."

7. "If you find and believe from the evidence that the said W. D. Mulkey, or some one for him, did not pay to the defendant's local collector of the Abilene branch of said Order, $4.14 for any one of said months of April, May, June and July in the year 1907, then you will find for the defendant, and so say by your verdict."

8. "If you find and believe from the evidence that the said W. D. Mulkey, or some one for him, did pay to the collector for the local branch of said Order at Abilene, $4.14 for each of the months of April, May, June and July in the year 1907, but that same, for any one of said months, was not paid on or before the last day of said month, then you will find for the defendant; unless you further find that said payment was received and transmitted to the defendants at Philadelphia, Pa., and by said defendant received and accepted as the dues or premium of the said W. D. Mulkey on said policy or benefit certificate."

The court also gave defendant's requested instruction No. 7, which reads: "You are directed and instructed that the receipt of payments by the defendant Order and held by it awaiting the forwarding of a

health certificate would not be sufficient in itself to constitute such an acceptance on the part of the defendant as would constitute a waiver on its part of the by-laws requiring a health certificate and requiring the dues to be paid within the time prescribed by the by-laws."

The seventh paragraph of the main charge, which is quoted above, is criticised as permitting a recovery for defendant in the event only that the jury should find that dues for the months in question were not paid, without a further instruction that such payments were required to be made during the respective months. The further instruction which appellant claims should have been included in that paragraph was contained in the eighth paragraph, the instruction was in favor of the defendant, and in no way implied any restriction upon any defense urged. The evidence showed that Mulkey was injured in an accident May 20, 1907, and that his injuries so received resulted in his death on July 30, 1907. He was never in good health after his injury.

Appellant contends that the sixth paragraph of the court's charge was erroneous in that it authorized a recovery by plaintiff if the dues were paid after the time required by the by-laws of the Order and were received and retained by the defendant, even though defendant retained them while awaiting a health certificate from the insured and in ignorance of the fact that they had been paid after the time prescribed for their payment. It will be noted that in the instruction criticised, before a verdict could be returned for plaintiff the jury were required to find that defendant retained the money "as dues," and when the instruction is considered in connection with the special instruction given at defendant's request, it is not probable that the jury placed the interpretation thereon suggested by appellant. Besides, the evidence showed beyond controversy that after the death of the insured and after receiving notice thereof, defendant tendered a return of the dues received for the month of July as soon as it received them, but elected to retain the dues for April, May and June, and did not at any time prior to the suit offer to return those dues. This established a waiver by defendant of any failure of the insured to comply with the by-laws in the payment of the dues for the three months last mentioned, and if the instruction assailed by appellant be subject to the construction suggested, it is not likely that the jury were misled thereby to appellant's injury as to the July dues, for it is not reasonable to suppose that they found that appellant retained those dues longer than was shown by the testimony of appellant's officer in Philadelphia who received them and whose testimony was uncontroverted. From the foregoing conclusions it follows that there is no merit in appellant's eighth, thirteenth and fourteenth assignments of error. Furthermore, appellant can not complain of the refusal of the instructions made the basis of those assignments since, substantially, the same defense embraced in those instructions was presented in the seventh special instruction given at appellant's request. Houston & T. C. Ry. Co. v. Harris, 120 S. W., 500; International & G. N. Ry. v. Ford, 118

S. W., 1137; Missouri, K. & T. Ry. v. Morgan, 49 Texas Civ. App., 212 (108 S. W., 726).

We have found no error in the record and the judgment is affirmed.

### ON MOTION FOR REHEARING.

Appellant calls attention to the fact that the original petition was not introduced in evidence and therefore the signature of Parker & Buck thereto can not be considered as any evidence that those persons are the same attorneys who wrote the letter set out in our original opinion notifying defendant of the death of W. D. Mulkey. We concur in this contention, but adhere to the conclusion noted that proof of death of the insured was waived by defendant by reason of other facts found by us, and in support of our conclusion the following additional authorities are cited: Merchants Ins. Co. v. Newlin, 56 S. W., 198; East Texas Fire Ins. Co. v. Brown, 82 Texas, 637; Mutual Ins. Co. v. Mattingly, 77 Texas, 164; Continental Fire Ins. Co. v. Whitaker, 79 S. W., 119; 19 Cyc., 867.

We were in error in our finding that the evidence showed without controversy that appellant received and elected to retain the dues for April as well as for May and June. But while the evidence introduced by defendant tended to show that the dues for the month of April were never paid during that month and were never received by defendant at its home office, yet its local collector, Ridinger, testified that he received the dues on April 30th and that the same were forwarded to defendant at its home office in Philadelphia, and plaintiff also introduced in evidence a receipt for the April dues, dated April 30th, and duly signed by the collector. This evidence certainly sustains the finding by the jury that the dues for the month of April were duly received by defendant. The motion for rehearing is overruled.

*Affirmed.*

Writ of error refused.