## SOVEREIGN CAMP, W. O. W., v. CAYTON.
### No. 4224.

Court of Civil Appeals of Texas. Amarillo.

June 25, 1934.

Rehearing Denied July 16, 1934.

Underwood & Strickland, of Amarillo, and Rainey T. Wells, of Omaha, Neb., for plaintiff in error.

Shannon, Ochsner & Pheiffer, of Amarillo, for defendant in error.

VICKERS, Special Judge.

Defendant in error, A. Cayton, as plaintiff in the trial court, filed suit against plaintiff in error, Sovereign Camp, Woodmen of the

World, defendant therein, for recovery of benefits allegedly due on a policy of insurance in the amount of $2,000, issued by the defendant to plaintiff in the year 1901. Plaintiff alleged that under the terms of the policy he was entitled upon attaining the age of seventy years to an annual benefit payment of 10 per cent. of the face of the policy in case of his total and permanent disability, with the policy in good standing; that about the 9th of October, 1930, he became totally and permanently disabled, gave notice thereof to the defendant in December, 1930, and requested payment of such benefits. He further alleged that defendant upon receiving notice of his disability "denied liability," and that by reason thereof he was entitled to recover judgment against it for $600, same representing the $200 (10 per cent. of the policy) due in December, 1930, when notice of disability was first given the company, with like sums maturing in December in the years 1931 and 1932, with legal interest and 12 per cent. penalty on the 1931 and 1932 installments, plus a reasonable attorney's fee.

Defendant answered, denying liability. It pleaded that plaintiff failed to pay the monthly policy dues accruing in May, 1932, and by reason thereof the policy was canceled; further that plaintiff failed to furnish the company with proper proof of his disabilty. It also sought to escape liability on the theory that the policy was "issued" by the company in the state of Nebraska, and contained a provision that any suit thereunder must be instituted within one year from the accrual of the cause of action; that suit was not instituted by the plaintiff until December 20, 1932, two years from the time that he allegedly gave notice of his disability; hence the claim was barred.

Plaintiff by supplemental petition admitted that he did not pay the monthly dues of $9.08 on his policy for the month of May, 1932, nor had he made any of the subsequent monthly payments; but he pleaded that the company had no right to cancel the policy for nonpayment of dues, because at the time it was indebted to him in a sum in excess of the amount of any accruing premiums; hence it was the duty of the defendant to apply sufficient of the moneys held by it owing to him to pay the accruing premiums.

The case was submitted to the jury, which answered in effect that plaintiff became totally and permanently disabled by reason of old age on October 9, 1930; that he made application to the defendant for the "Seventy Years Old Age Disability Benefit" provided for in the policy of insurance on December 19, 1930, and the defendant "denied said application" on December 31, 1930; further, that an attorney's fee of $200 was reasonable.

In response to the jury's findings the court rendered judgment for the plaintiff against defendant for each of the $200 payments maturing on December 20, 1930, 1931, and 1932, with 6 per cent. interest, a penalty of $48 on the 1931 and 1932 installments, plus $200 attorney's fee. However, the last $200 installment maturing in December, 1932, was reduced to $127.36; plaintiff and defendant having filed a written stipulation subsequent to return of verdict but prior to entry of judgment, agreeing that the monthly dues at the rate of $9.08 per month for May, 1932, to and including December, aggregated $72.64, and that defendant was entitled to such offset in the event judgment was rendered for the plaintiff, as was subsequently done.

A careful inspection of the record leads us to the conclusion that the jury's findings of fact are amply supported by the evidence.

■■ The contention is made by defendant that plaintiff's petition in the trial court "failed to state a cause of action." This assignment is without merit. Plaintiff made all necessary allegations upon which he based his right of recovery against the defendant. The pertinent provisions of the policy of insurance were set out and there was attached to plaintiff's petition a copy of the policy. It was not necessary for the plaintiff in his pleadings to negative all of the defensive matters that might be relied upon by the company to defeat payment of the policy declared on. 19 Cyc. 921, 922. The plaintiff alleged that he became seventy years old in December, 1929; that thereafter about December, 1930, he became totally disabled, and made application for the payment of the disability benefits provided for in the policy; that the defendant denied his application, and hence plaintiff did not make formal application for such benefits on regular company blanks. These allegations were sufficient to relieve the plaintiff of the necessity of setting out in detail the various provisions in the constitution and by-laws of the order requiring proof to be made on blanks furnished by the company, since notice of disability, coupled with the request for settlement by the plaintiff, followed by a denial of liability upon the part of the insurer (defendant), absolved plaintiff from any duty, if same ever existed, to re-

quest printed blanks and file formal proof of claim thereon. Tex. Jur. vol. 24, pp. 1111, 1112; Illinois Bankers' Life Association v. Floyd (Tex. Com. App.) 222 S. W. 967; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210; Grand Fraternity v. Mulkey, 62 Tex. Civ. App. 147, 130 S. W. 242, 185 S. W. 582; Timmerman v. Bankers' Reserve Life Co., 122 Tex. 603, 63 S.W.(2d) 687. Certainly if the plaintiff was absolved from the necessity of making formal proof on blanks provided by the company, then he was not required to plead and prove compliance with such formality, which was purely in the nature of a condition subsequent. East Texas Fire Ins. Co. v. A. Dyches, 56 Tex. 565; St. Paul Fire & Marine Ins. Co. v. Laster (Tex. Civ. App.) 187 S. W. 989.

The record reflects that the plaintiff Cayton was seventy-three years of age at the time of the trial. The policy sued on had been carried by him continuously since the year 1901, and all monthly premium dues paid thereon until May, 1932. Originally the monthly dues on the policy were $1.95 each, but in December, 1919, the monthly rate was raised to $9.08, or $108.96 yearly. The application attached to his policy of insurance gave the date of his birth as December 8, 1859. On December 19, 1930, plaintiff wrote the defendant as follows:

"Canyon, Tex., Dec. 19, 1930
"John T. Yates, Secretary,
"Omaha, Nebr.
"Dear Sir:
"I am informed that after 70 years of age if a member becomes disabled he is entitled to a cash settlement. If such is the case please inform me on what terms this settlement can be made. I am past 70 and two months ago became disabled.
"My certificate number is 51697 and was issued in lieu of certificate dated March 1st, 1901.
"Yours,                    A. Cayton."

This letter was received by the defendant on December 22d, and not having received a reply, the plaintiff on the 24th wired the defendant as follows:

"1930 Dec 24 3 05
"KA650 11 Canyon Tex 24 230P
"Woodmen of the World
"Omaha, Nebraska
"Am waiting answer regarding settlement after seventy and disability please write
"A. Cayton."

Defendant replied by wire of December 27th:

"Omaha, Nebr. December 27, 1930
"Mr. A. Cayton,
"Canyon, Texas
"Send your camp number so that we can locate membership
"Claim Department W O W
"Collect
"BB NP"

The plaintiff replied as follows:

"Canyon, Tex., Dec. 27, 1930
"Policy No. 51697
"W. O. W.
"Omaha, Nebraska.
"Camp number on my policy 490, located at Iowa Park, Tex. I am at present a member of Camp located at Claude, Tex. I have carried this 29 years and am now disabled and desire to know your terms of settlement by cash payment and surrender of policy or loan you will make or just what are your terms of settlement.
"Yours truly,        A. Cayton."

This letter was received by the company on December 29th, and on the 31st it made the following reply:

"Dec. 31, 1930.
"894 Tex.
"Mr. Anthony Cayton,
"Canyon, Tex.
"Esteemed Sovereign:  RE:  Certificate–51697

"Your letter of recent date, relative to a loan in connection with the above membership, has just been brought to my attention and I am very sorry indeed that Sovereign Camp is not permitted to grant a cash loan in connection with this form of certificate.

"Some of the certificates issued by this Association since January 1, 1929 contain cash loan, paid-up and extended insurance values which will be available three years from the date said certificates were issued. The above certificate may be exchanged for one containing such values. If an exchange is desired, any equity which has been acquired by reason of previous membership in this Association will be given consideration when such exchange is computed.

"Assuring you of my desire to co-operate with the members of this Association in every way possible and regretting very much my inability to be of service in this particular instance, I beg to remain

"Truly and fraternally yours, President.
"WAF5*EC"

It is our conclusion that this correspondence was amply sufficient to convey

notice to the defendant that plaintiff was past seventy years of age, disabled, and that the purpose of his inquiry was to obtain whatever benefits he might be entitled to under the policy of insurance. The defendant company had no right to withhold information and by a policy of evasion "lull the plaintiff to sleep"; yet such was the effect of its letter of December 31st, for the plaintiff continued to pay the monthly policy dues until May, 1932, without making further demands for settlement of the disability benefits. He was unable to pay the May installment, whereupon the company canceled the policy. He sought a reinstatement, but was refused unless he could furnish certificate showing he was in good health. This he was unable to do. He again notified the company that he was disabled, in poor health, and had been continuously in such condition since the latter part of 1930. Plaintiff insisted that the insurer had no right to cancel the policy, since it owed him under the disability provisions thereof a sum in excess of such accruing premiums. In our opinion plaintiff's contention is sound. Timmerman v. Bankers' Reserve Life Co., 122 Tex. 603, 63 S.W.(2d) 687. When he notified the company that he was past seventy and disabled, and requested information as to what kind of settlement or benefit he was entitled to, the company clearly owed the legal duty to furnish him the information sought, together with proper blanks upon which to complete his proof of disability in a manner acceptable to the company, if it intended to insist upon proof of disability being completed in such manner. It could not by a policy of evasion or nonaction escape such duty, and then when plaintiff sought a recovery on the policy, defeat liability on the theory that plaintiff did not actually request it to furnish him the blanks, and make his proof of disability thereon. It waived the provision with reference to making proof "on blanks furnished by the Company" when it ignored the information conveyed in plaintiff's letters and telegram, and failed to furnish him the blanks in its possession to complete the proof. 33 C. J. 16. The provision with reference to making proof of disability on blanks to be furnished by the company was clearly in the nature of a condition subsequent for the benefit of the company and not for the benefit of the insured. It had the right to waive such provision, and the effect of its conduct in the premises is in our opinion amply sufficient to show such waiver. Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210. Likewise the provision with reference to furnishing new or additional proof of disability each year was for the benefit of the company, and the same rule with respect to waiver would apply.

Plaintiff in error further contends that the judgment is erroneous in awarding the 12 per cent. penalty on the annual benefits accruing in December, 1931 to 1932, as well as the $200 attorney's fee, on the theory that article 4831a, Vernon's Ann. Civ. St. (Acts of 1931, Forty-Second Legislature, p. 71, c. 48, § 5a), did not become effective until after plaintiff's cause of action arose. This contention is without merit. Plaintiff was denied the 12 per cent. penalty as to the $200 installment that accrued in December, 1930, but recovered the penalty as to the 1931 and 1932 installments. Plaintiff had a separate cause of action each year for the installment maturing during said year. The 1931 and 1932 installments did not mature until after this act became effective, hence the trial court did not err in allowing the 12 per cent. penalty on the last two installments, nor was error committed in allowing the plaintiff to recover the $200 attorney's fee.

We have carefully considered all other assignments, and deeming the same without merit they are expressly overruled.

Believing that a proper judgment was entered by the trial court in this case, said judgment is in all respects affirmed.