## SUPREME FOREST WOODMEN CIRCLE v. BRYANT et al.

### No. 13604.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 22, 1937.

Rehearing Denied Nov. 26, 1937.

Earle R. Stiles, of Omaha, Neb., and Lightfoot, Robertson, Saunders & Gano and Claude Williams, all of Fort Worth, for appellant.

Houtchens & Houtchens and J. Harold Craik, all of Fort Worth, for appellees.

SPEER, Justice.

Appellees, Callie Bryant and her husband, T. Bryant, sued appellant, Supreme Forest Woodmen Circle, in the Ninety-Sixth district court of Tarrant county for benefits under a policy or certificate of insurance on the life and health of the wife, the claim being for $500 along with statutory penalty and reasonable attorneys' fees. The plaintiffs recovered judgment, and defendant appeals.

For purposes of discussing the issues involved, it is sufficient to say that appellees alleged that the appellant issued to Mrs. Callie Bryant its certificate of insurance on December 10, 1917, insuring her life in the sum of $1,000, payable in case of death to her husband; that under the contract, if the insured should become totally disabled while the policy was in effect, the appellant would pay to her one-half of the face of the certificate, or the sum of $500; that she continued to pay all dues and assessments accruing under the policy from its date to the 1st day of August, 1933; that in March, 1933, the insured became seriously afflicted with a heart disease, as a result of which she became totally disabled; that while her certificate was in force and effect, and while she was in good standing as a member of appellant's lodge, she notified appellant on April 7, 1933, of her disabled condition and asked for a settlement under her policy. She alleged the appellant failed and refused to furnish her with necessary blanks upon which to make proof of her total disability; that within

about one month after she made her application for settlement the appellant wrongfully and illegally canceled her certificate and thereafter refused settlement for that reason; that the refusal of payment by appellant was a waiver upon its part of further proof of loss and disability, and pleaded estoppel against appellant to demand additional proof. Sufficient allegations were made of demand for payment and refusal by the insurer to entitle appellees, under proof, to recover penalty and attorneys' fees.

The appellant answered with allegations that Mrs. Bryant's certificate was issued upon her application, in which it was provided that the application, the certificate, and the by-laws and constitution of the society then in force, and those to thereafter be enacted, should be the basis of any liability of the society. That by the terms of the by-laws and constitution, which were a part of the certificate, it was provided that a member should pay his or her dues or assessments on the first day of each month in advance and that, upon failure to so pay, the member became automatically suspended, and the certificate null and void; that Mrs. Bryant failed to pay her dues on the 1st day of May, 1933, for the month of May, and she thereby became suspended from membership and that her certificate became void.

Further allegation was made that under the terms of insured's certificate and the constitution and by-laws of appellant, if she should become totally disabled before reaching the age of sixty, and furnish due and satisfactory proof to appellant of such total and permanent disability and upon surrender of the certificate, the society would pay to the member, in full settlement thereof, one-half of the face value of the certificate. Denial was made that Mrs. Bryant at any time while the policy was in force made application to appellant for total disability benefit and alleged she did not furnish it with due and satisfactory proof thereof, nor has she ever surrendered her policy under the conditions provided for therein. Prayer was that appellees take nothing and that it recover its costs.

Replication was made by appellees which in part alleged that if it be determined that they were due any additional sums to appellant for dues and assessments accruing after June 1, 1933, the certificate could not be canceled on that account, since appellant owed them on said disability benefit provi-

sion much more than any such dues and assessments would amount to, and for this reason any attempt upon the part of appellant to cancel the certificate was void and ineffective. Prayer was for recovery for the $500, with penalty and attorneys' fees as originally asked.

At the conclusion of the testimony appellant moved for an instructed verdict, this being overruled, after issues were submitted to a jury and answers returned, appellant moved for judgment non obstante veredicto, and this was likewise denied by the court, to all of which appellant preserved its rights by exceptions.

Upon the jury verdict, the court entered judgment for appellees in the sum of $760. Appellant's motion for new trial was overruled, to which exception was taken and the appeal perfected.

Appellant's fourteen assignments of error are covered by nine propositions in its brief, the first five of which relate to the action of the court in refusing its motion for an instructed verdict, and its motion for judgment non obstante veredicto.

As affecting these propositions, there is little conflict, if any, in the testimony offered by the respective parties. Appellant contended that the certificate was canceled and void after June 1, 1933, for nonpayment of dues. If appellees were entitled to recover in this case, it was for causes arising prior to June 1, 1933. The undisputed testimony shows that Mrs. Bryant was pulling bolls in the cotton fields in the fall of 1932 when stricken with a heart disease resulting in her total disability to perform her usual and customary duties in the household; this condition grew worse until in March and April of 1933; she was confined to her bed and under a doctor's care a large portion of the time and the doctor said her trouble was incurable and that she was totally and permanently disabled. She was less than sixty years of age. That she in fact knew nothing of the total disability provision in her contract of insurance; that some time in the early part of April, 1933, a friend told her she had some benefits coming to her under her contract but that she did not know what they were. She was confined to her bed on April 7, 1933, and got a friend to write a letter to appellant concerning her condition and policy; that the friend wrote the letter and she signed it. The letter was introduced in evidence and read:

"Supreme Forest Woodmen Circle,
"Omaha, Nebr.
"Mrs. Dora Alexander Talley.
"Dear Madam:
"I am writing you in regard to my policy with the Circle. I am needing some money very badly, and want to get treatments. Am disabled and am wanting to borrow all the money I can get on my policy, Policy No. 290311, Amt. $1000.00. Kindly let me hear from you at once. I am
"Yours very truly,
"Mrs. Callie Bryant"
"2102 Chestnut Ave., Ft. Worth, Texas."

The appellant replied to the foregoing in the following language:

"Mrs. Callie Bryant,        April 20, 1933.
"2102 Chestnut Ave.,
"Ft. Worth, Texas.
"Esteemed Sovereign:
"The National Secretary has referred to me your letter of recent date in regard to a loan.
"On referring to our records I find that you hold a form E certificate which has no cash or loan values until you attain the age of seventy years. I trust you will understand Sovereign Bryant that we are governed by State Laws which do not permit loans on the earlier certificates issued by the Society, and on which the rates are much lower than the newer certificates based on the American Experience Table of Mortality.
"With best wishes, I am
"Fraternally yours,
"National President."

The record discloses that Mrs. Bryant's daughter, at Midland, Tex., wrote appellant on August 16, 1933, asking if she could take over the payments of her mother and keep them up, and inquired as to the status of the certificate, but not having given sufficient data appellant could not intelligently reply and so informed her. Appellant's financial secretary, at Fort Worth, Tex., Mrs. Minnie Estill, wrote a letter to appellant, dated October 25, 1933, inquiring about Mrs. Bryant's certificate, and appellant's national secretary replied on November 6, 1933 (omitting formal parts):

"Dear Mrs. Estill: This acknowledges your letter of October 25, in regard to Mrs. Callie Bryant, a former member of Grove 631, Texas. Mrs. Bryant is suspended for the May, 1933, payment. I

am enclosing an application for renewal of membership, etc., * * *"

A letter from Mrs. Bryant to appellant's home office, shown to have been received November 15, 1933, reads as follows:

"1933 Fort Worth, Texas.

"Dear Miss Dora:

"I will rite you a few lines too see if I can here from you. I am at Fort Worth. Hope you will help me in every way you can. I have been in the lorg so long I sure doo hate too loos what I have pade. I reley needed to pay my Camp dues. I have washed fore people and pade thim and now I aint able to pay thim rite now. I wish you wood land me 2 hundord dolors one my polissey so I can pay thim up. I don't want to drop thim. Here is the nomber of my polissey, so pleas let me here from youat once. Number 290311 amount 1000.00 name Callie Bryant."

Other letters subsequent to those included here are shown to have passed but, since they were far beyond the period of time in which appellees claim to have made application for disability benefits and the time appellant claims the certificate became ineffective, we deem it unnecessary to mention them.

The certificate held by Mrs. Bryant made no mention of the total disability benefit caused by bodily injury or disease, but it did provide that the constitution and by-laws of appellant were a part of the contract. Appellant's answer and the testimony offered by it shows that section 37a of the by-laws effective in 1933 provided in part as follows: ". * * * After twelve months of membership without suspension and while the certificate is in force and effect and not in default in the payment of any monthly payment or contribution, should the member before attaining age sixty, furnish due and satisfactory proof that he or she has become totally and permanently disabled by bodily injury or disease * * * upon surrender of the certificate for cancellation, the Society will pay to the member in full settlement thereof one-half the face value of the certificate."

The question for determination under this group of propositions is: Did the letter written at the instance of Mrs. Bryant on April 7, 1933, copied above, coupled with the subsequent acts of appellant, meet the requirements of the contract, and entitle her to have her case go to the jury? If so, then appellant's motions for instructed verdict and judgment non obstante veredicto were properly overruled by the court.

Appellant alleged it was a "Fraternal Benefit Society." This may not mean that it owed any more duty to appellee as one of its members than it would owe to a stranger with whom it transacted business; but the head officers were bound to know from the letter of April 7, 1933, that Mrs. Bryant did not know what her rights were under the policy. The letter apprised appellant of the fact that one of its members was disabled and that she was badly in need of money. True, she expressed a desire to borrow on her contract but this desire could not be construed to mean anything more than that because of her distress occasioned by her disability she was dependent upon her rights under the policy for relief.

Appellant's reply, in which it informed the "Esteemed Sovereign" no loan could be made on her policy and explained that it was only on policies issued at a later date upon a rate based on the "American Experience Table of Mortality," took no cognizance of the "Sovereign's" disability mentioned in her letter. The appellant courteously informed her of what it could not do, but made no mention of what it could, and what we think it should have done. The letter set out above as the one actually written by Mrs. Bryant clearly indicates that she is a very illiterate person, and, in that way, emphasizes the duty "a purely Fraternal Benefit Society" owes to one of its members. What she wanted was the co-operation of appellant in aiding her to get some real money to relieve her suffering and distress, and appellant's statement that loans could only be made on certain policies under "American Experience Table of Mortality" was meaningless to her.

No criticism of appellant can be offered for its declination to make a loan, for it is reasonably certain none could be made; but it was not justified in ignoring that part of her letter which disclosed she had possible rights under her certificate because of disabilities. Appellant could not thus consistently evade its liability and, with this knowledge of her disability, declare her policy forfeited on the following month for nonpayment of dues. The record shows appellee had for many months prior to

May, 1933, paid her current dues to the lodge during the month, when, by the contract, they were due on the first day, but having failed to pay on the 1st day of May and having paid as usual during the month, her policy is declared canceled. We think it is significant that, with this knowledge of her disability, the appellant would claim her policy forfeited during the next month, although her payment was made for that month precisely as it had been previously done for several months.

The testimony was conflicting as to whether or not the appellant retained the dues paid for May, 1933, but the jury in response to an issue found that it did retain them; we shall have another occasion to refer to this issue.

Sovereign Camp, W. O. W., v. Cayton (Tex.Civ.App.) 74 S.W.(2d) 158, 160 (writ dismissed), involved questions similar in many respects to the one above discussed. There a member, having become seventy years of age and disabled, wrote the head camp that he had reached that age and advised that he was disabled, and that he had been told that he was entitled to a cash settlement; he asked upon what terms a settlement could be made. He had no reply and wired for an answer and then he was asked for needed information. He again wrote and advised his condition, asking for advice as to the kind of settlement he was entitled to or if a loan could be made on the policy. There, as in this case, the society ignored the settlement the member was entitled to under his policy, and grasped the opportunity to inform him no loan could be made. Upon a trial it was contended that no application was made for the total disability benefit and that no proof thereof was furnished as provided in the contract. The court held: "It is our conclusion that this correspondence was amply sufficient to convey notice to the defendant that plaintiff was past seventy years of age, disabled, and that the purpose of his inquiry was to obtain whatever benefits he might be entitled to under the policy of insurance. The defendant company had no right to withhold information and by a policy of evasion 'lull the plaintiff to sleep,' yet such was the effect of its letter."

We also think that, with the information conveyed to appellant here, it became its duty to act in some way best adapted to bring about the consummation of the terms of the policy; and, if it desired the proof called for as to appellee's total disability, it should have furnished her with the kind of blanks which, when filled out, would have imparted the information which would be either satisfactory or unsatisfactory to it. Having failed to do this, it could not upon the trial defeat appellee's right to have a jury pass upon the case by procuring an instructed verdict.

■ It was admitted by appellee that she did not give any other notice than the letter of April 7, 1933, of her disability, and that she did not ask the society for blanks upon which to make proof, and of course it was not contended that she did do more than the letter implied. We do not think it necessary to base our conclusions upon a strict construction of article 5546, Rev.Civ.Statutes, for the reasons assigned by us, we think, are sufficient to justify the court's actions; yet, to apply the statute cited, appellant's contention would fail. That statute provides: "No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. * * * In any suit brought under this and the preceding article it shall be presumed that notice has been given unless the want of notice is especially pleaded under oath."

The defensive plea of appellant of lack of the notice required by contract was not pleaded under oath. The provisions of the article from which we have quoted apply to life insurance policies in which notice is required. 24 Tex.Jur. pp. 1093–1096, and the many cases there cited.

For the reasons stated, the assignments of error upon which this group of propositions are based must be overruled.

The remaining four propositions are based upon objections to special issues submitted and answered.

There were seven special issues given, and the answers were favorable to appellee; the issues, with their answers, found: (1) That during the month of March, 1933, Callie Bryant was suffering from a disease commonly known as high blood pressure; (2) that Callie Bryant became totally and permanently disabled during March, 1933, so that she then became continuously and wholly prevented thereby from performing any work; (3) that Callie Bryant made application to the defendant on April 7, 1933, for disability benefits provided in her policy in case of disability resulting from

disease; (4) that defendant denied the application of Callie Bryant for such disability benefits as provided in her policy; (5) that defendant's financial secretary at Decatur, Tex., did not return to plaintiff the $2.74 sent her for May, 1933, membership dues; (6) that defendant failed to provide plaintiff with blank forms upon which to make proof of disability in behalf of plaintiff; (7) that Callie Bryant paid dues to defendant lodge for the month of June, 1933. Upon this verdict the court entered the judgment from which the appeal is perfected.

Propositions 6 and 7 challenge the submission of issues 3 and 4, upon the grounds they were, upon the weight of the evidence, prejudicial to the rights of appellant and embraced mixed questions of law and fact. It is the contention that the answers to these two questions were contained in the written letters of appellee of April 7, 1933, and the reply of appellant, and being written instruments it was the duty of the court and not the jury to construe them. As an abstract proposition the contention is sound if it was impossible to segregate the question of law from that of fact. 41 Tex.Jur. pp. 1033 to 1036. But the erroneous submission of these questionable issues does not present such error as would justify the reversal of this judgment. If the court had undertaken to construe the letters, there was no other construction which he could have placed on them than that made by the jury, it being the same construction this court would have placed upon them under the surrounding facts and circumstances.

In Magnolia Compress Co. v. Davidson (Tex.Civ.App.) 38 S.W.(2d) 634, this question was discussed and it was held that the improper submission of an issue embracing mixed questions of law and fact would not require reversal if evidence showed the facts were established as a matter of law. The court further held in that case that, although the issue was improperly submitted, yet there was no prejudice shown to the rights of appellant by such submission. To the same effect are the cases of Indemnity Insurance Co. v. Garsee (Tex.Civ.App.) 54 S.W.(2d) 817; Barnes v. Archer (Tex.Civ.App.) 77 S.W. (2d) 883; Speer's Special Issues, p. 46, § 37.

There being at most a harmless error shown in the submission of these issues, we cannot sustain them and they are overruled.

The eighth proposition complains of the submission of special issue No. 5, wherein the jury was asked to answer if the secretary of appellant's lodge returned to Mrs. Bryant the dues for May, 1933. This objection is based upon the contention that appellee's pleadings did not seek to recover back the amount paid, therefore under no conditions could there be an issue involved in its return. There is no merit in this assignment. One of the contentions pleaded and attempted to be proved by appellant was that Mrs. Bryant's policy was canceled because of a failure to pay May, 1933, dues; Mrs. Bryant testified she paid these dues during May, 1933, and produced her post office money order receipt to substantiate her statement; the secretary of the lodge, whose duty it was to collect the dues, at one time testified she returned them, and again admitted she had no independent recollection of having done so. Under all the facts it appears that the notice of her claim relied upon was contained in her letter of April 7, 1933, at a time when there could be no question that her policy was in effect; yet, if her subsequent negotiations could be construed to add anything to that original notice, it would follow that if her policy had been wrongfully canceled for failure to pay May, 1933, dues, then the issue would be material. There was ample testimony to warrant the submission of the issue, and, if it and the answer were immaterial, they may be disregarded, but if under the facts stated they were material, then the issue was properly submitted.

The ninth proposition complains of the submission of the sixth special issue which inquired if the appellant failed to provide plaintiff with blanks upon which to make proof of her disability. The objection made to the submission of the issue was that it was irrelevant and immaterial, is not supported by any evidence, and because it improperly places the burden of proof on the appellant. We do not think either contention is sound. From what we have said under the first five propositions, we think, when appellant was apprised of Mrs. Bryant's disabled condition, it owed her the duty to give her the benefit of its knowledge of her rights under the by-laws. More especially because there was no particular kind of proof named

therein which Mrs. Bryant could make and comply with her contract, except such as "due and satisfactory proof," and she might .guess many times in an effort to furnish one meeting this requirement, and hence we believe a fair construction of the contract would mean that it was the duty of appellant to at least co-operate with the insured in an effort to meet the requirements; this in the nature of things would require the appellant to inform appellee what it would take to "satisfy" it. We may further add that there is no contention made. here or upon the trial that any such blanks were furnished, and for that reason there was no issue of fact raised on the point, and the court would have been warranted in finding that appellant "failed" to furnish the blank forms. For the reasons stated in the preceding discussions, we think no reversible error is. shown in this proposition and it must be overruled.

There being no errors shown in the record, requiring a reversal of the trial court's judgment, it is here in all things affirmed.